# EXHIBIT 8

This is an advertisement.

Free Initial
Consultation
1-800-872-8001

**HOME**     About Us     – Sample Consent Forms Here –     Bartenders and Servers

Contact Us

## You should be aware:

The allegations in this lawsuit have not been adjudicated and Logan's Roadhouse denies any wrongdoing relating to the allegations. If you choose to join this lawsuit you will be bound by any ruling, judgment or settlement. There are no guarantees. If you choose not to join this lawsuit, you are free to take action on your own or do nothing. You also have the right to choose different counsel. If you choose to participate in this lawsuit, your interests will be represented by plaintiffs' counsel in this lawsuit. Retaliation for pursuing

# Unpaid Wages Collective Action Lawsuit

Law firm files a collective action lawsuit for alleged unpaid minimum wage and overtime compensation against Logan's Roadhouse, Inc. on behalf of similarly situated tipped employees **(bartenders and servers)** who currently or previously worked at a **Logan's Roadhouse restaurant** during the past three years.

---

**Please Take And Submit This Quick Questionnaire To Determine if You may be eligible to join this lawsuit as a current or former tipped employee (bartender or server) during the past three years–**

Kindly select Yes or No to the following questions:

While working at a Logan's Roadhouse restaurant;
I have worked off the clock before, during or after my shift without being paid at least minimum wages of $7.25 an hour.

rights protected by the FLSA is prohibited.

☐ YES

☐ NO

## Hypothetical Examples of "Off The Clock" Work – Tipped Employee (Bartender and Server):

### Hypothetical # 1

Suppose a bartender or server is clocked-in as a tipped employee but is asked by a general manager to assist in food or bar preparation for an hour each day without clocking out as a tipped employee and, without clocking-in under a non-tipped employee code. Assume the bartender or server has been employed for the past three years and is paid $2.13 sub-minimum wage when clocked in as a tipped employee.

The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

1 hour x 500 days (5 days per week for two years) = 500

I have received or given job training off the clock without being paid at least minimum wages of $7.25 an hour for such training time.

☐ YES

☐ NO

I have performed more than 20% "side work" while clocked-in as a tipped employee without being paid at least minimum wages of $7.25 an hour for such time.

☐ YES

☐ NO

I have performed work in non-tipped classifications without being paid minimum wage of $7.25 per hour for such time.

☐ YES

☐ NO

I have been required to declare tips I did not receive or, to transfer tips into a subsequent week, resulting in unpaid minimum wages of at least $7.25 an hour for such time.

☐ YES

☐ NO

I have not been paid overtime compensation for the weeks in which my off the clock work and training time, combined with

500 x $5.12 ($7.25 - $2.13 sub-minimum wage) = $2,560.00

Assuming a Court were to find willful violations and applied liquidated damages, and applied the three year statute of limitations in this hypothetical, the alleged "off the clock" unpaid wages could be calculated as follows.

1 hour x 750 days (5 days per week for three years) = 750

750 x $5.12 ($7.25 - $2.13 sub-minimum wage) = $3,840.00

$3840.00 x 2 (liquidated damages) = $7,680.00

**Hypothetical #2:**
Suppose a " four-day, 35 hour per week" bartender or server is clocked-out when the "system" is shutdown at "closing" but is asked (or expected) by a general manager then to close out the bar and restaurant and prep for the next shift on an average of 2 hours per shift. Assume further the bartender has been employed for the past three years and the Court has

my paid hours, exceeded 40 hours.

☐ YES

☐ NO

FIRST NAME (required)

[        ]

LAST NAME (required)

[        ]

ADDRESS (required)

[        ]

CITY (required)

[        ]

STATE (required)

[        ]

Zip Code (required)

[        ]

PHONE NUMBER (required)

[        ]

applied the three-year statute of limitations for willful violations under the Fair Labor Standards Act. The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

2 hours x 600 days (4 days per week for three years) = 1200

1200 x $7.25 (minimum wage)= $8,700.00

Assuming a Court also were to were to apply liquidated damages in this hypothetical, the alleged "off the clock" unpaid wages could be calculated as follows.

$8,700.00 x 2 (liquidated damages) = $17,400.00

Considering a combination of the paid 35 hours and 8 hours "Off -The-Clock" time equals 43 hours per week, overtime compensation must also be computed into the calculations, as follows:

$8,700.00 x 1.5 (overtime rate) = $26,100.00

**Disclaimer:** The above calculations of alleged unpaid wages for "off the

EMAIL ADDRESS (required)

Check the box below to join (opt-in) to this Lawsuit

*I agree to Join (Opt-in)

*By checking this box you agree to join (opt-in) this collective action lawsuit (similar to your situation(s). On submission of questionnaire, you will be contacted and proper forms and information will be mailed to the address you entered on the questionnaire. Forms must be filled out and sent back to the Jackson Shield Yeiser and Holt, to complete the process for your involvement in the lawsuits similar to your situations.

Send

---

**Jackson Shields Yeiser & Holt**
262 German Oak Drive
Memphis, TN 38018
(901) 754-8001
**1-800-872-8001**

clock" work time merely are hypothetical examples and should not be taken in consideration in calculating any potential (alleged) unpaid wages for "off the clock" work time by individuals who may want to join this collective action lawsuit. The hypothetical calculations are examples of gross amounts of alleged unpaid wages and do not take into consideration any contingency fees or other costs that may be associated with this collective action lawsuit.

## Share:

Do you have a co-worker, friend, or relative who is similarly situated and has unpaid wages and/ or overtime compensation? Feel free to notify them by email, with the following form.

Your Name (required)

Your Email (required)

## Quick Links

Quick Questionaire

Consent Form

About Us

Contact Us

Search this website…



Jackson Shields Yeiser & Holt
262 German Oak Drive
Memphis, TN 38018
(901) 754-8001
1-800-872-8001

**Their Name (required)**

**Their Email (required)**

Send

---

Copyright © 2015 All Rights Reserved · Jackson Shields Yeiser and Holt · Log in

http://www.logansofftheclock.com/

7/6/2015

This is an advertisement.

Free Initial
Consultation
1-800-872-8001

**HOME**     About Us     – Sample Consent Forms Here –     Bartenders and Servers

Contact Us

## You should be aware:

The allegations in this lawsuit have not been adjudicated and Logan's Roadhouse denies any wrongdoing relating to the allegations. If you choose to join this lawsuit you will be bound by any ruling, judgment or settlement. There are no guarantees. If you choose not to join this lawsuit, you are free to take action on your own or do nothing. You also have the right to choose different counsel. If you choose to participate in this lawsuit, your interests will be represented by plaintiffs' counsel in this lawsuit. Retaliation for pursuing

# Unpaid Wages Collective Action Lawsuit

Law firm files a collective action lawsuit for alleged unpaid minimum wage and overtime compensation against Logan's Roadhouse, Inc. on behalf of similarly situated tipped employees **(bartenders and servers)** who currently or previously worked at a **Logan's Roadhouse restaurant** during the past three years.

---

**Please Take And Submit This Quick Questionnaire To Determine if You may be eligible to join this lawsuit as a current or former tipped employee (bartender or server) during the past three years–**

Kindly select Yes or No to the following questions:

While working at a Logan's Roadhouse restaurant;
I have worked off the clock before, during or after my shift without being paid at least minimum wages of $7.25 an hour.

rights protected by the FLSA is prohibited.

☐ YES

☐ NO

---

# Hypothetical Examples of "Off The Clock" Work – Tipped Employee (Bartender and Server):

## Hypothetical # 1

Suppose a bartender or server is clocked-in as a tipped employee but is asked by a general manager to assist in food or bar preparation for an hour each day without clocking out as a tipped employee and, without clocking-in under a non-tipped employee code. Assume the bartender or server has been employed for the past three years and is paid $2.13 sub-minimum wage when clocked in as a tipped employee.

The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

1 hour x 500 days (5 days per week for two years) = 500

I have received or given job training off the clock without being paid at least minimum wages of $7.25 an hour for such training time.

☐ YES

☐ NO

I have performed more than 20% "side work" while clocked-in as a tipped employee without being paid at least minimum wages of $7.25 an hour for such time.

☐ YES

☐ NO

I have performed work in non-tipped classifications without being paid minimum wage of $7.25 per hour for such time.

☐ YES

☐ NO

I have been required to declare tips I did not receive or, to transfer tips into a subsequent week, resulting in unpaid minimum wages of at least $7.25 an hour for such time.

☐ YES

☐ NO

I have not been paid overtime compensation for the weeks in which my off the clock work and training time, combined with

500 x $5.12 ($7.25 - $2.13 sub-minimum wage) = $2,560.00

Assuming a Court were to find willful violations and applied liquidated damages, and applied the three year statute of limitations in this hypothetical, the alleged "off the clock" unpaid wages could be calculated as follows.

1 hour x 750 days (5 days per week for three years) = 750

750 x $5.12 ($7.25 - $2.13 sub-minimum wage) = $3,840.00

$3840.00 x 2 (liquidated damages) = $7,680.00

**Hypothetical #2:**
Suppose a " four-day, 35 hour per week" bartender or server is clocked-out when the "system" is shutdown at "closing" but is asked (or expected) by a general manager then to close out the bar and restaurant and prep for the next shift on an average of 2 hours per shift. Assume further the bartender has been employed for the past three years and the Court has

my paid hours, exceeded 40 hours.

☐ YES

☐ NO

FIRST NAME (required)

LAST NAME (required)

ADDRESS (required)

CITY (required)

STATE (required)

Zip Code (required)

PHONE NUMBER (required)

applied the three-year statute of limitations for willful violations under the Fair Labor Standards Act. The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

2 hours x 600 days (4 days per week for three years) = 1200

1200 x $7.25 (minimum wage)= $8,700.00

Assuming a Court also were to were to apply liquidated damages in this hypothetical, the alleged "off the clock" unpaid wages could be calculated as follows.

$8,700.00 x 2 (liquidated damages) = $17,400.00

Considering a combination of the paid 35 hours and 8 hours "Off -The-Clock" time equals 43 hours per week, overtime compensation must also be computed into the calculations, as follows:

$8,700.00 x 1.5 (overtime rate) = $26,100.00

**Disclaimer:** The above calculations of alleged unpaid wages for "off the

EMAIL ADDRESS (required)

Check the box below to join (opt-in) to this Lawsuit

*I agree to Join (Opt-in)

*By checking this box you agree to join (opt-in) this collective action lawsuit (similar to your situation(s). On submission of questionnaire, you will be contacted and proper forms and information will be mailed to the address you entered on the questionnaire. Forms must be filled out and sent back to the Jackson Shield Yeiser and Holt, to complete the process for your involvement in the lawsuits similar to your situations.

Send

**Jackson Shields Yeiser & Holt**
262 German Oak Drive
Memphis, TN 38018
(901) 754-8001
**1-800-872-8001**

clock" work time merely are hypothetical examples and should not be taken in consideration in calculating any potential (alleged) unpaid wages for "off the clock" work time by individuals who may want to join this collective action lawsuit. The hypothetical calculations are examples of gross amounts of alleged unpaid wages and do not take into consideration any contingency fees or other costs that may be associated with this collective action lawsuit.

## Share:

Do you have a co-worker, friend, or relative who is similarly situated and has unpaid wages and/ or overtime compensation? Feel free to notify them by email, with the following form.

Your Name (required)

Your Email (required)

## Quick Links

Quick Questionaire

Consent Form

About Us

Contact Us

Search this website…



Jackson Shields Yeiser & Holt
262 German Oak Drive
Memphis, TN 38018
(901) 754-8001
1-800-872-8001

**Their Name (required)**

**Their Email (required)**

Send

Copyright © 2015 All Rights Reserved · Jackson Shields Yeiser and Holt · Log in

http://www.logansofftheclock.com/

7/6/2015

This is an advertisement.

Free Initial
Consultation
1-800-872-8001

**HOME**     **About Us**     **– Sample Consent Forms Here –**     **Bartenders and Servers**

**Contact Us**

## You should be aware:

The allegations in this lawsuit have not been adjudicated and Logan's Roadhouse denies any wrongdoing relating to the allegations. If you choose to join this lawsuit you will be bound by any ruling, judgment or settlement. There are no guarantees. If you choose not to join this lawsuit, you are free to take action on your own or do nothing. You also have the right to choose different counsel. If you choose to participate in this lawsuit, your interests will be represented by plaintiffs' counsel in this lawsuit. Retaliation for pursuing

# Sample Consent Form for Lawsuit

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAREY BRADFORD and CODY BOLEN,
Individually and on behalf of others
similarly situated.

       Plaintiffs,

v.

LOGAN'S ROADHOUSE, INC.,
a Tennessee Corporation,
LRI HOLDINGS, INC.,
a Delaware Corporation,
ROADHOUSE HOLDING, INC.,
a Delaware Corporation,

       Defendants.

NO. _____

FLSA Opt-In Collective Action

JURY TRIAL DEMANDED

**CONSENT TO JOIN**

1. I have been employed by Logan's Roadhouse as an hourly paid tipped employee within the past three (3) years.
2. I hereby consent to join this or any subsequent action against the Defendants as a Party-Plaintiff to assert claims for violations of the FLSA 29 U.S.C. § 201, et seq., and unpaid wages as specified in the Complaint.
3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), et seq. I hereby consent, agree, and opt-in to become a Party-Plaintiff in this action.
4. I agree to be represented by Jackson, Shields, Yeiser & Holt and Attorneys Gordon Jackson, and James L. Holt, Jr., Counsel for the named Plaintiffs, as well as any other attorneys with whom they may associate.
5. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against these Defendants and any other related entities for unpaid wages including overtime and failure to pay wages at the minimum wage rate.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims. Please fill this form out completely.
**You can mail this form to JSYH, 262 German Oak Drive, Memphis, TN 38018 or Fax to (901) 754-8524 or Email to rbryant@jsyc.com.**

rights protected by the FLSA is prohibited.

---

Signature                    Date            Full Legal Name

Address                                      Best Telephone Number/Email Address

City, State and Zip Code                     Alternative Contact Name & Phone Number

1

## Hypothetical Examples of "Off The Clock" Work – Tipped Employee (Bartender and Server):

### Hypothetical # 1

Suppose a bartender or server is clocked-in as a tipped employee but is asked by a general manager to assist in food or bar preparation for an hour each day without clocking out as a tipped employee and, without clocking-in under a non-tipped employee code. Assume the bartender or server has been employed for the past three years and is paid $2.13 sub-minimum wage when clocked in as a tipped employee.

The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

1 hour x 500 days (5 days per week for two years) = 500

If you are eligible to join this lawsuit, you may download the consent form below. Complete the form, filling out all necessary information. Deliver your form by email attachment, faxing, or a postal/ courier service. **The address to Jackson Shields Yeiser and Holt law firm can be found below.**

*You will need Adobe Reader to view the Files: Get Adobe Reader*

# Download: <u>Click Here</u>

**Jackson Shields Yeiser & Holt**
262 German Oak Drive
Memphis, TN 38018
OFFICE (901) 754-8001
**FAX (901) 754-8524**

**1-800-872-8001**

EMAIL – gjackson@jsyc.com

500 x $5.12 ($7.25 - $2.13
sub-minimum wage) =
$2,560.00

Assuming a Court were to
find willful violations and
applied liquidated damages,
and applied the three year
statute of limitations in this
hypothetical, the alleged "off
the clock" unpaid wages
could be calculated as
follows.
1 hour x 750 days (5 days
per week for three years) =
750

750 x $5.12 ($7.25 - $2.13
sub-minimum wage) =
$3,840.00

$3840.00 x 2 (liquidated
damages) = $7,680.00

**Hypothetical #2:**
Suppose a " four-day, 35
hour per week" bartender or
server is clocked-out when
the "system" is shutdown at
"closing" but is asked (or
expected) by a general
manager then to close out
the bar and restaurant and
prep for the next shift on an
average of 2 hours per shift.
Assume further the
bartender has been
employed for the past three
years and the Court has

applied the three-year statute of limitations for willful violations under the Fair Labor Standards Act. The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

2 hours x 600 days (4 days per week for three years) = 1200

1200 x $7.25 (minimum wage)= $8,700.00

Assuming a Court also were to were to apply liquidated damages in this hypothetical, the alleged "off the clock" unpaid wages could be calculated as follows.

$8,700.00 x 2 (liquidated damages) = $17,400.00

Considering a combination of the paid 35 hours and 8 hours "Off -The-Clock" time equals 43 hours per week, overtime compensation must also be computed into the calculations, as follows:

$8,700.00 x 1.5 (overtime rate) = $26,100.00

**Disclaimer:** The above calculations of alleged unpaid wages for "off the

clock" work time merely are hypothetical examples and should not be taken in consideration in calculating any potential (alleged) unpaid wages for "off the clock" work time by individuals who may want to join this collective action lawsuit. The hypothetical calculations are examples of gross amounts of alleged unpaid wages and do not take into consideration any contingency fees or other costs that may be associated with this collective action lawsuit.

## Share:

Do you have a co-worker, friend, or relative who is similarly situated and has unpaid wages and/ or overtime compensation? Feel free to notify them by email, with the following form.

Your Name (required)

Your Email (required)

## Quick Links

[Quick Questionaire](#)

[Consent Form](#)

[About Us](#)

[Contact Us](#)

Search this website…



Jackson Shields Yeiser & Holt
262 German Oak Drive
Memphis, TN 38018
(901) 754-8001
1-800-872-8001

**Their Name (required)**

**Their Email (required)**

Send

---

Copyright © 2015 All Rights Reserved · Jackson Shields Yeiser and Holt · Log in

http://www.logansofftheclock.com/consent-forms-for-lawsuits                7/6/2015

This is an advertisement.

Free Initial
Consultation
1-800-872-8001

**HOME**      **About Us**      **– Sample Consent Forms Here –**      **Bartenders and Servers**

**Contact Us**

## You should be aware:

The allegations in this lawsuit have not been adjudicated and Logan's Roadhouse denies any wrongdoing relating to the allegations. If you choose to join this lawsuit you will be bound by any ruling, judgment or settlement. There are no guarantees. If you choose not to join this lawsuit, you are free to take action on your own or do nothing. You also have the right to choose different counsel. If you choose to participate in this lawsuit, your interests will be represented by plaintiffs' counsel in this lawsuit. Retaliation for pursuing

# Similarly Situated Tipped Employees (Bartenders and Servers)

Jackson, Shields, Yeiser & Holt Law Firm represents two former tipped employees of Logan's Roadhouse restaurants who have filed a collective action lawsuit under the Fair Labor Standards Act on behalf of themselves and, current and former similarly situated tipped employees (bartenders and servers), at other Logan's Roadhouse restaurants across the country, seeking a recovery of alleged unpaid wages for off the clock work time, unpaid wages for off the clock training time, unpaid wages while working in non-tipped classifications, unpaid wages for more than 20% "side work", unpaid wages due to tips being required to be declared but not received ("phantom tips") or, tips being transferred into a subsequent week, in order to satisfy the tip credit requirements and/or unpaid overtime compensation.

rights protected by the FLSA is prohibited.

The name of this collective action lawsuit is Bradford & Bolen v. Logan's Roadhouse, Inc.. It is filed in the Federal Middle District Court of Tennessee.

## Hypothetical Examples of "Off The Clock" Work – Tipped Employee (Bartender and Server):

### Hypothetical # 1

Suppose a bartender or server is clocked-in as a tipped employee but is asked by a general manager to assist in food or bar preparation for an hour each day without clocking out as a tipped employee and, without clocking-in under a non-tipped employee code. Assume the bartender or server has been employed for the past three years and is paid $2.13 sub-minimum wage when clocked in as a tipped employee.

The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

1 hour x 500 days (5 days per week for two years) = 500

If you have information that could aid in their lawsuit or, if you would like to join them in their lawsuit with your own claims for any alleged unpaid wages for off the clock work time, off the clock training time, unpaid wages while working in non-tipped classifications, unpaid wages for more than 20% "side work" as a tipped employees, unpaid wages for tips being required to be declared but not received ("phantom tips') or, tips being transferred into a subsequent week, in order to satisfy the tip credit requirements and/or unpaid overtime compensation during the past three years while employed as a tipped employee (bartender or server) at any of the Logan's Roadhouse restaurants, you can complete the attached Consent to Join form and send it to Jackson, Shields, Yeiser & Holt, 262 German Oak Drive, Memphis, Tennessee, 38018.

If you have any questions about the lawsuit, such as your right to join the lawsuit, you may call 1-800-872-8001 for a free confidential discussion about the matter. Please ask for Angie Yeiser or Maddellynne Dozier and let them know your call is about the Logan's Roadhouse "off the clock" lawsuit.

You should be aware that you would not be entitled to any money resulting from this lawsuit unless you join the lawsuit or, begin the legal process for yourself, independent of this effort.

**To be eligible to join this lawsuit:**

1. You must have been employed by Logan's Roadhouse Inc. at one or more of its Logan's Roadhouse

500 x $5.12 ($7.25 - $2.13 sub-minimum wage) = $2,560.00

Assuming a Court were to find willful violations and applied liquidated damages, and applied the three year statute of limitations in this hypothetical, the alleged "off the clock" unpaid wages could be calculated as follows.
1 hour x 750 days (5 days per week for three years) = 750

750 x $5.12 ($7.25 - $2.13 sub-minimum wage) = $3,840.00

$3840.00 x 2 (liquidated damages) = $7,680.00

**Hypothetical #2:**
Suppose a " four-day, 35 hour per week" bartender or server is clocked-out when the "system" is shutdown at "closing" but is asked (or expected) by a general manager then to close out the bar and restaurant and prep for the next shift on an average of 2 hours per shift. Assume further the bartender has been employed for the past three years and the Court has

restaurants at some period of time during the past three years.
2. You must have had unpaid minimum wages for off the clock work time, unpaid minimum wages for off the clock training time, unpaid minimum wages while working in non-tipped classifications, unpaid minimum wages for more than 20% "side work" as a tipped employees, unpaid minimum wages for tips not received ("phantom tips") or, tips transferred into a subsequent week, in order to satisfy the tip credit requirements during such period and/or unpaid overtime compensation. (Plaintiffs have alleged willful violations against Logan's Roadhouse, Inc.)
3. You must have performed the duties of a tipped employee (bartender or server) during such period of time.

**Statute of Limitations:**
The Fair Labor Standards Act has a maximum statute of limitations of two or, potentially three years. If you choose to join this lawsuit, you may be able to recover damages if you are owed wages for off the clock work time, wages for off the clock training time, , unpaid minimum wages while working in non-tipped classifications, unpaid minimum wages for more than 20% "side work" or for unpaid minimum wages due to tips not received ("phantom tips") in order to satisfy the tip credit requirements –of the date you file your consent to join form.

**No Retaliation Permitted:**
The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act.

**Your Legal Representation If You Join:**
If you choose to participate in this lawsuit by filing the

applied the three-year statute of limitations for willful violations under the Fair Labor Standards Act. The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

2 hours x 600 days (4 days per week for three years) = 1200

1200 x $7.25 (minimum wage)= $8,700.00

Assuming a Court also were to were to apply liquidated damages in this hypothetical, the alleged "off the clock" unpaid wages could be calculated as follows.

$8,700.00 x 2 (liquidated damages) = $17,400.00

Considering a combination of the paid 35 hours and 8 hours "Off -The-Clock" time equals 43 hours per week, overtime compensation must also be computed into the calculations, as follows:

$8,700.00 x 1.5 (overtime rate) = $26,100.00

**Disclaimer:** The above calculations of alleged unpaid wages for "off the

attached Plaintiff's Consent to Join Form, your interests will be represented by Plaintiffs' counsel.

### Here Is A Sample Of The Consent to Join Form:

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAREY BRADFORD and CODY BOLEN,
Individually and on behalf of others
similarly situated.
        Plaintiffs,

v.                  NO. _____

LOGAN'S ROADHOUSE, INC.,
a Tennessee Corporation,
LRI HOLDINGS, INC.,
a Delaware Corporation,
ROADHOUSE HOLDING, INC.,
a Delaware Corporation,
        Defendants.

FLSA Opt-In Collective Action

JURY TRIAL DEMANDED

**CONSENT TO JOIN**

1. I have been employed by Logan's Roadhouse as an hourly paid tipped employee within the past three (3) years.
2. I hereby consent to join this or any subsequent action against the Defendants as a Party-Plaintiff to assert claims for violations of the FLSA 29 U.S.C. § 201, *et seq.*, and unpaid wages as specified in the Complaint.
3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), *et seq.* I hereby consent, agree, and opt-in to become a Party-Plaintiff in this action.
4. I agree to be represented by Jackson, Shields, Yeiser & Holt and Attorneys Gordon Jackson, and James L. Holt, Jr., Counsel for the named Plaintiffs, as well as any other attorneys with whom they may associate.
5. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against these Defendants and any other related entities for unpaid wages including overtime and failure to pay wages at the minimum wage rate.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims. Please fill this form out completely.
**You can mail this form to JSYH, 262 German Oak Drive, Memphis, TN 38018 or Fax to (901) 754-8524 or Email to rbryant@jsyc.com**

Signature            Date          Full Legal Name

Address                  Best Telephone Number/Email Address

City, State and Zip Code       Alternative Contact Name & Phone Number

1

http://www.logansofftheclock.com/similarly-situated-tipped-employees-bartenders-and-serv...   7/6/2015

clock" work time merely are hypothetical examples and should not be taken in consideration in calculating any potential (alleged) unpaid wages for "off the clock" work time by individuals who may want to join this collective action lawsuit. The hypothetical calculations are examples of gross amounts of alleged unpaid wages and do not take into consideration any contingency fees or other costs that may be associated with this collective action lawsuit.

---

## Share:

Do you have a co-worker, friend, or relative who is similarly situated and has unpaid wages and/ or overtime compensation? Feel free to notify them by email, with the following form.

Your Name (required)

Your Email (required)

## Quick Links

[Quick Questionaire](#)

[Consent Form](#)

[About Us](#)

[Contact Us](#)

Search this website…



Jackson Shields Yeiser & Holt
262 German Oak Drive
Memphis, TN 38018
(901) 754-8001
1-800-872-8001

**Their Name (required)**

**Their Email (required)**

Send

---

Copyright © 2015 All Rights Reserved · **Jackson Shields Yeiser and Holt** · **Log in**

This is an advertisement.

Free Initial
Consultation
1-800-872-8001

**HOME**      **About Us**      **– Sample Consent Forms Here –**      **Bartenders and Servers**

**Contact Us**

## You should be aware:

The allegations in this lawsuit have not been adjudicated and Logan's Roadhouse denies any wrongdoing relating to the allegations. If you choose to join this lawsuit you will be bound by any ruling, judgment or settlement. There are no guarantees. If you choose not to join this lawsuit, you are free to take action on your own or do nothing. You also have the right to choose different counsel. If you choose to participate in this lawsuit, your interests will be represented by plaintiffs' counsel in this lawsuit. Retaliation for pursuing

# About Us

The Jackson, Shields,Yeiser & Holt Law Firm concentrates its practice on employment law issues, routinely handling legal claims, such as:

- Collective Action Lawsuits for wage and hour violations
- Unpaid overtime and minimum wage violations
- Tipped Employees' wage violations
- Equal Pay Violations
- Racial discrimination charges and complaints
- Sexual and Gender charges and complaints
- Age discrimination charges and complaints
- Disability charges and complaints
- National Origin discrimination charges and complaints
- Family Medical Leave Act (FMLA) Violations
- Violations of Constitutional Rights
- Wrongful, Outrageous and Bad Faith Terminations
- Breach of Employment Contract Litigation
- Negligence in the Workplace Litigation
- Whistleblower Litigation

rights protected by the FLSA is prohibited.

- • Jury Duty Violations
- • Other Workplace Litigation

---

## Hypothetical Examples of "Off The Clock" Work – Tipped Employee (Bartender and Server):

### Hypothetical # 1

Suppose a bartender or server is clocked-in as a tipped employee but is asked by a general manager to assist in food or bar preparation for an hour each day without clocking out as a tipped employee and, without clocking-in under a non-tipped employee code. Assume the bartender or server has been employed for the past three years and is paid $2.13 sub-minimum wage when clocked in as a tipped employee.

The alleged "off the clock" unpaid wages could be calculated as follows in this hypothetical:

1 hour x 500 days (5 days per week for two years) = 500

Jackson, Shields, Yeiser & Holt has earned the highest av rating from Martindale-Hubbell, the leading reference source on attorneys in the United States.

# 1-800-872-8001

500 x $5.12 ($7.25 - $2.13 sub-minimum wage) = $2,560.00

Assuming a Court were to find willful violations and applied liquidated damages, and applied the three year statute of limitations in this hypothetical, the alleged "off the clock" unpaid wages could be calculated as follows.
1 hour x 750 days (5 days per week for three years) = 750

750 x $5.12 ($7.25 - $2.13 sub-minimum wage) = $3,840.00

$3840.00 x 2 (liquidated damages) = $7,680.00

**Hypothetical #2:**
Suppose a " four-day, 35 hour per week" bartender or server is clocked-out when the "system" is shutdown at "closing" but is asked (or expected) by a general manager then to close out the bar and restaurant and prep for the next shift on an average of 2 hours per shift. Assume further the bartender has been employed for the past three years and the Court has

applied the three-year
statute of limitations for
willful violations under the
Fair Labor Standards Act.
The alleged "off the clock"
unpaid wages could be
calculated as follows in this
hypothetical:
2 hours x 600 days (4 days
per week for three years) =
1200
1200 x $7.25 (minimum
wage)= $8,700.00

Assuming a Court also were
to were to apply liquidated
damages in this
hypothetical, the alleged "off
the clock" unpaid wages
could be calculated as
follows.

$8,700.00 x 2 (liquidated
damages) = $17,400.00

Considering a combination
of the paid 35 hours and 8
hours "Off -The-Clock" time
equals 43 hours per week,
overtime compensation must
also be computed into the
calculations, as follows:

$8,700.00 x 1.5 (overtime
rate) = $26,100.00

**Disclaimer:** The above
calculations of alleged
unpaid wages for "off the

clock" work time merely are hypothetical examples and should not be taken in consideration in calculating any potential (alleged) unpaid wages for "off the clock" work time by individuals who may want to join this collective action lawsuit. The hypothetical calculations are examples of gross amounts of alleged unpaid wages and do not take into consideration any contingency fees or other costs that may be associated with this collective action lawsuit.

---

## Share:

Do you have a co-worker, friend, or relative who is similarly situated and has unpaid wages and/ or overtime compensation? Feel free to notify them by email, with the following form.

Your Name (required)

Your Email (required)

## Quick Links

Quick Questionaire

Consent Form

About Us

Contact Us

Search this website…



Jackson Shields Yeiser & Holt
262 German Oak Drive
Memphis, TN 38018
(901) 754-8001
1-800-872-8001

**Their Name (required)**

**Their Email (required**)

Send

Copyright © 2015 All Rights Reserved · **Jackson Shields Yeiser and Holt** · **Log in**