# EXHIBIT 14



Not Reported in F.Supp.2d, 2012 WL 3261059 (W.D.Tenn.)
**(Cite as: 2012 WL 3261059 (W.D.Tenn.))**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Tennessee,
Western Division.
Latisha THOMPSON, on Behalf of Herself and all Others similarly situated, Plaintiff,
v.
RGT MANAGEMENT, INC., Defendant.

No. 2:11–cv–02573–AJT–dkv.
June 8, 2012.

Katherine Anne Stone, Robert Eugene Derose, Columbus, OH, Peter Winebrake, The Winebrake Law Firm, LLC, Dresher, PA, David W. Garrison, Barrett, Johnston & Parsley, Nashville, TN, for Plaintiff.

James B. Summers, Heather Webb Fletcher, Richard H. Allen, Jr., Allen, Summers, Simpson, Lillie & Gresham, PLLC, Memphis, TN, for Defendant.

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

DIANE K. VESCOVO, United States Magistrate Judge.

**\*1** In this lawsuit, the plaintiff, Latisha Thompson ("Thompson") alleges that the defendant, RGT Management, Inc. ("RGT"), violated the Fair Labor Standards Act ("FLSA") by misclassifying her and other assistant managers employed at Taco Bells managed by RGT as exempt from overtime payment. On November 21, 2011, Thompson moved for conditional class certification pursuant to 29 U.S.C. § 216(b) of the FLSA. Thompson seeks to certify a class as follows:

> All salaried Assistant Managers (a.k.a. "Assistant Store Managers" or "Assistant General Managers") employed by [RGT] at any Taco Bell restaurants (excluding approximately four "dual" Taco Bell/Pizza Hut restaurants) during any workweek since the time period beginning three years prior to the Court's entry of its order granting conditional certification.[FN1]

> FN1. Thompson originally defined the class as "all salaried Assistant Managers ... employed by [RGT] at any of its restaurant locations during any workweek since July 7, 2008." (D.E. 30, at 1.) Thompson has narrowed the class she now seeks to certify.

(D.E. 30, at 3.) RGT filed a response in opposition. Thompson filed a reply, and RGT filed a sur-reply. On May 23, 2012, the motion was referred to the United States Magistrate Judge for a report and recommendation. (D.E.41.) For the reasons set forth below, it is recommended that Thompson's motion be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

RGT is a management company located in Memphis, Tennessee that employs individuals to work and manage approximately fifty-four Taco Bell restaurants in various areas. (D.E. 31, at 1.) RGT manages eleven Taco Bells in the Jackson, Mississippi area. (*Id.*) RGT employs a general manager for each restaurant and an assistant general manager for some of the restaurants depending on the Taco Bell's volume. (*Id.* at 2.) Thompson worked as an assistant general manager for RGT at three different Taco Bells—specifically, store numbers 16896, 4256, and 1942—in the Jackson, Mississippi market beginning on May 15, 2009. Her employment with RGT ended in March 2011. (*Id.*) RGT classifies assistant general managers as executives exempt from the FLSA's overtime provisions. (*Id.*) On July 8, 2011, Thompson filed suit against RGT claiming that RGT improperly classified her as exempt from FLSA's overtime provi-

sions. (D.E.1.)

## II. ANALYSIS

Thompson alleges that assistant general managers do not meet the executive exemption requirements because they are not responsible for actually managing the Taco Bell stores. To establish that all assistant general managers at the Taco Bells managed by RGT are similarly situated, Thompson relies on RGT's formal job descriptions for assistant general managers, RGT's written standardized company-wide policies, and statements of RGT's corporate representative that individual circumstances and operations do not vary from the Taco Bells managed by RGT. (D.E. 30, at 4.)

For additional support, Thompson relies on her deposition testimony. (*Id.* at 5.) In her deposition, Thompson testified that her duties were the same in each of the three Taco Bells in which she worked, that 95% of time these duties involved doing regular team work—making tacos, working as a cashier, cleaning bathrooms, etc.—and that she very seldom handled managerial duties, although Taco Bell's and RGT's policies mandated that assistant general managers do managerial tasks. (Thompson Dep. 214:15–216:13, Dec. 5, 2011, D.E. 30–3.) Thompson asserts that her actual duties did not comply with RGT's written policies and formal job description concerning duties and responsibilities for assistant general managers because the general manager, her superior, told her what to do and made all the managerial decisions in the store. (*Id.*)

*2 In response, RGT argues that Thompson has failed to offer any evidence from any other assistant general manager to support her assertion that all assistant general managers are, in fact, similarly situated and improperly classified. (D.E. 31, at 5.) RGT avers that the court should not certify the class because, if Thompson actually performed the duties and responsibilities required and contemplated by RGT's policies regarding assistant general managers, she would qualify as an overtime-exempt employee. (D.E. 31, at 3–7.) To support this assertion, RGT offers the affidavit testimony of two present assistant general managers who worked with Thompson in the same Taco Bells as Thompson and four other assistant general managers in the Jackson, Mississippi area. According to the affidavits of these seven assistant general managers, they actually managed the Taco Bells and supervised employees in accordance with RGT policies and they did not spend the majority of their time performing "team work" as Thompson claims she did. (D.E. 31, at 7.) RGT contends that this testimony "completely invalidates" Thompson's testimony that all other assistant general managers are similarly situated. (*Id.* at 7.)

In addition, in 2007, the Department of Labor conducted a full wage and hour audit at RGT's Taco Bell restaurant on Highway 80 in Jackson, Mississippi, Store # 1942, one of the very restaurants where Thompson was employed as an assistant general manager. (Aff. Ralph Burns, D.E. 31–1.) The Department of Labor determined that the FLSA executive exemption was applicable to assistant managers at the restaurant. According to Ralph Burns, Director of Human Resources for RGT, the job description and written policies concerning assistant general managers have not changed since the Department of Labor audit in 2007.

Under the FLSA, all covered employees must be paid one and one-half times their regular pay rate for hours worked in excess of a forty-hour work week. 29 U.S.C. § 207(a)(1). Employers that violate this provision can be held liable for unpaid compensation for overtime plus an equal amount in liquidated damages. 29 U.S.C. § 216(b). To enforce the provision, employees may bring suit on their own behalf and for those "similarly situated." *Id.* Section 216 of the FLSA establishes two requirements for representative actions: (1) the plaintiffs must actually be "similarly situated" and (2) all plaintiffs must opt-in to the suit by providing written consent to participating in the collective action. *Id.*

The FLSA does not define "similarly situated," but the Sixth Circuit applies a two-step approach to

determine whether a collective action is proper. *Monroe v. FTS USA, LLC,* 257 F.R.D. 634, 637 (W.D.Tenn.2009). Under this approach, the court first determines during the "notice stage" whether the plaintiff has presented sufficient evidence of similarly-situated plaintiffs to warrant court-facilitated notice. The burden is on the named plaintiff to show that she is similarly situated to the opt-in plaintiffs. *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 584 (6th Cir.2009). Courts have a duty "to avoid the "stirring up" of litigation through unwarranted solicitation, and the court should also ensure that employers are not unduly burdened by frivolous fishing expeditions at this stage. *See Valcho v. Dallas Cnty. Hosp. Dist.,* 574 F.Supp.2d 618, 622 (N.D.Tex.2008). At the second "decertification stage," following discovery and typically in response to a defendant's motion, courts more closely examine the question of whether the particular members of the collective action are, in fact, similarly situated. *Monroe,* 257 F.R.D. at 637–38. If a class is not made up of similarly-situated plaintiffs, the court decertifies the class.

**\*3** At issue in this case is whether the court should conditionally certify a class and send out notice; however, no fixed framework exists for determining whether the court should grant conditional certification during the "notice stage." The prevailing practice is to require plaintiffs to establish through evidence at least a "colorable basis for their claim that the putative class of similarly situated plaintiffs exist." *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591, 596 (S.D.Ohio 2002). The burden is not great; only a modest factual showing is required. *Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 547 (6th Cir.2006) (citing *Roebuck v. Hudson Valley Farms, Inc.,* 239 F.Supp.2d 234, 238 (N.D.N.Y.2002)). Courts at the "notice stage" consider whether affidavits of potential plaintiffs were submitted and whether some evidence of a widespread discriminatory plan was submitted. *Pritchard,* 210 F.R.D. at 595–96 (citing *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D.Tex.1999); *Belcher v. Shoney's Inc.,* 927 F.Supp. 249, 251 (M.D.Tenn.1996); *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D.Minn.1991)); *Roebuck,* 239 F.Supp.2d at 238. If the court is satisfied that the plaintiff has met his or her burden, then conditional certification is granted. *Comer,* 454 F.3d at 546–47.

Ultimately, the decision of whether the court facilitates court-supervised notice remains within the discretion of the district court. Indeed, notice is by no means mandatary. *Valcho v. Dallas Cnty. Hosp. Dist.,* 574 F.Supp.2d 618, 622 n. 1 (N.D.Tex.2008)("A court's refusal to facilitate notice does not itself prevent a plaintiff from using *independent* efforts to identify potential plaintiffs of the lawsuit." (citing *Hoffmann–La Roche, Inc.,* 493 U.S. at 170–71 as implicitly assuming this fact)).

After considering the record, this court finds that Thompson has not met the standard for certification of the class described herein. However, it is recommended that conditional certification be granted but limited in scope to the three Taco Bells where Thompson was employed. While the standard at the conditional certification stage is fairly lenient,[FN2] the plaintiff has submitted very little evidence in support of a widespread discriminatory plan or that she is similarly situated to other potential plaintiffs. Although almost year has passed since the filing of the complaint (D.E.1), Thompson has not submitted a single affidavit from another potential opt-in plaintiff to support her alleged claim that assistant general managers are misclassified as overtime exempt for the Taco Bells run by RGT. The court finds the lack of supporting affidavits troublesome when considering whether to conditionally certify a class for an alleged widespread classification issue.

> FN2. RGT urges the court to apply an intermediate approach to conditional certification that is sometimes utilized in cases where limited but substantial discovery has been completed. This standard does not apply here because very little discovery has been done in this case. The appropriate

standard to apply is the more lenient, first-stage standard. *See Lindberg v. UHS of Lakeside, LLC,* 761 F.Supp.2d 752,758 n. 8 (W.D.Tenn.2011).

The only evidence as to a widespread violation is Thompson's own testimony that she spent the majority of her time performing non-managerial duties at the Taco Bell where she was employed, in contravention of RGT established policies and procedures, at the behest of her general manager and that she continued to perform non-managerial duties when she was transferred to two other Taco Bell locations in the Jackson, Mississippi area. This evidence supports Thompson's claims that she may have been individually misclassified, but it does not demonstrate that other assistant general managers were also misclassified. Indeed, RGT has produced affidavits from other assistant general managers from the same three restaurants which directly contradict Thompson's testimony. While the affidavits of the other assistant general managers do not "completely invalidate" Thompson's position, as RGT argues, the affidavits do create a factual dispute as to the duties of the assistant general managers at these restaurants. At the conditional certification stage, the court does not resolve factual disputes, make credibility determinations, or decide substantive issues. *Brasfield v. Source Broadand Servs, LLC,* 257 F.R.D. 641, 642 (W.D.Tenn.2009) (citing *Lynch v. United Servs. Auto Ass'n,* 491 F.Supp.2d 357, 368–69 (S.D.N.Y.2007) ).

**\*4** Thompson's reliance on the fact that RGT has a uniform policy that lays out the duties and responsibilities for all assistant general managers does not support conditional certification as to all Taco Bells managed by RGT because the policy on its face does not violate the FLSA. In this case, the alleged violation stems from causing an employee to work in contravention of established policy.[FN3] While it is true that a "unified policy" of violations is not required, the plaintiff should demonstrate that the potential plaintiffs' claims are unified by a common theory of a defendant's statutory violations. *O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 584 (6th Cir.2009). It is difficult for this court to come to the conclusion that, outside of the stores in which Thompson worked, assistant general managers were misclassified. While the plaintiff's burden is slight, the court must avoid stirring up litigation through unwarranted solicitation. Accordingly, based on the record, the court recommends that certification be granted but limited only to those three Taco Bells where Thompsons previously worked: store numbers 16896, 4256, and 1942.

> [FN3.] That is not to say that a policy is never enough. Indeed, an employment classification policy could be facially invalid; however, this does not appear to be such a case, at least based on the record currently before the court.

Although RGT argues that Thompson would have met the exemption if she performed her duties in accordance with RGT's and Taco Bell's established job duties for assistant general managers, the determination of whether employees are improperly classified looks to the "particular facts of ... employment and not general [employment] descriptions." *Ale v. Tenn. Valley Auth.,* 269 F.3d 680, 689 (6th. Cir.2001). An employer could have a facially valid policy, like RGT's, but cause an employee to work in contravention of the policy so that an FLSA violation occurs. As to the three Taco Bells where Thompson worked, Thompson has met her burden.

### III. RECOMMENDATION

Accordingly, this court finds that Thompson has made a sufficient factual showing and recommends that her motion for conditional certification be granted but be limited to the three Taco Bells where Thompson previously worked.

W.D.Tenn.,2012.
Thompson v. RGT Management, Inc.
Not Reported in F.Supp.2d, 2012 WL 3261059

Not Reported in F.Supp.2d, 2012 WL 3261059 (W.D.Tenn.)
**(Cite as: 2012 WL 3261059 (W.D.Tenn.))**

(W.D.Tenn.)

END OF DOCUMENT