# EXHIBIT 16



Not Reported in F.Supp.2d, 2007 WL 2176203 (M.D.Fla.)
**(Cite as: 2007 WL 2176203 (M.D.Fla.))**

Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Tampa Division.
Neal BARTEN, et al., Plaintiffs,
v.
KTK & ASSOCIATES, INC. d/b/a Barnacles Restaurant, Carl Graves, Robert Graves, Defendants.

No. 8:06-CV-1574-T-27EAJ.
July 26, 2007.

Anthony S. Arena, Darren Douglas McClain, Tampa, FL, for Plaintiffs.

Todd Sidney Aidman, Robert David Hall, Jr., Ford & Harrison LLP, Tampa, FL, for Defendants.

### ORDER

JAMES D. WHITTEMORE, United States District Judge.

**\*1 BEFORE THE COURT** is Plaintiffs' Motion for Conditional Certification of Collective Action and Permission to Send Court-Supervised Notice (Dkt.25), to which Defendants have responded in opposition (Dkt.31). Upon consideration, Plaintiff's motion is DENIED without prejudice.

### Background

Plaintiffs filed this collective action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. and the Florida Constitution, Article X, section 24. (Dkt.1). Plaintiffs are former employees of Defendant KTK & Associates, Inc., d/b/a Barnacles Restaurant ("Barnacles"). (Dkt.1, ¶¶ 8-14). Defendants Robert and Carl Graves own and operate Barnacles. (Dkt.1, ¶¶ 5-6). Plaintiffs allege that, as servers and bartenders at Barnacles, they were required to participate in an illegal tip pool. Specifically, Plaintiffs contend that they were required to pay to Carl and Robert Graves two percent of any sales made over $200.00 for the night, or a lower amount for lunch time. (Dkt.1, ¶ 18). For example, servers or bartenders who sold $1000.00 worth of food or beverages would pay the owners $20.00 out of their tip earnings. *Id.* The parties dispute the legality of this arrangement.

Plaintiffs have filed affidavits and consents to join from two servers who are not named plaintiffs, William Tyler Smith and Lisa Bryant, who aver that they were required to participate in the tip pool.[FN1] (Dkt. 25 at 14-15; Dkt. 32). Plaintiffs have also filed declarations from three of the named Plaintiffs, Keith Harrell, Jennifer Busciglio, and Steven Sheets, who generally aver that they have friends who are current employees at Barnacles who are afraid to join the lawsuit, fearing retaliation. (Dkt. 26 at 22-27).

> FN1. Robert Graves has submitted an affidavit stating that Barnacles has no records of an employee named Lisa Bryant for 2002, 2003, or 2004. (Dkt 31-4, ¶ 3-4). Plaintiffs have filed an Amended Affidavit indicating that Lisa Bryant's maiden name is Lisa Castellano. (Dkt.32, ¶ 2). As such, the Court accepts, for the purposes of this motion, that Lisa Castellano did work at Barnacles during the times she alleges.

### Standard

Pursuant to 29 U.S.C. § 216(b), certification of collective actions in FLSA cases is based on a theory of judicial economy, by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480(1989). Courts utilize a two-tiered approach in making collective action certification determinations under the FLSA:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been

submitted-whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

**\*2** *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir.2001); *see also Cameron-Grant v. Maxim Healthcare Servs., Inc. .,* 347 F.3d 1240, 1243 n. 2 (11th Cir.2003).

At the notice stage, the court must initially determine whether: 1) there are other employees who desire to opt in to the action; and 2) the employees who desire to opt in are "similarly situated." *Dybach v. State of Fla. Dep't of Corrs.,* 942 F.2d 1562, 1567-68 (11th Cir.1991). This determination is made using a fairly lenient standard. *Cameron-Grant,* 347 F.3d at 1243 n. 2. However, the plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir.1996) (internal quotations and citation omitted). Ultimately, the district court must satisfy itself that there are other employees who are similarly situated and who desire to opt in. *Dybach,* 942 F.2d at 1567-68.

## Discussion

"[P]laintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[ ] in the broad class that they proposed." *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir.1983). Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees. *Davis v. Charoen Pokphand (USA), Inc.,* 303 F.Supp.2d. 1272, 1277 (M.D.Ala.2004). Certification of a collective action and notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit. *Mackenzie v. Kindred Hosps. E., L.L.C.,* 276 F.Supp.2d 1211, 1220 (M.D.Fla.2003) (citing *Dybach,* 942 F.2d at 1567-68) (emphasis added). Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the court.[FN2] *Id*.

> FN2. *See e.g., Tyler v. Payless Shoe Source, Inc.,* 2005 WL 3133763, \*3 (M.D.Ala. Nov.23, 2005) (three to five consents to join were sufficient to establish that others desired to opt in); *Pendlebury v. Starbucks Coffee Co.,* 2005 WL 84500, \*3 (S.D.Fla. Jan.3, 2005) (plaintiff's allegations and four affidavits by employees indicating that others desired to opt in were sufficient); *Bell v. Mynt Entm't, LLC,* 223 F.R.D. 680, 683 (S.D.Fla.2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient); *Harper v. Lovett's Buffet. Inc.,* 185 F.R.D. 358, 362-63 (M.D.Ala.1999) (fifteen affidavits by employees with specific allegations of wage violations were sufficient).

Plaintiffs have not demonstrated that other employees desire to opt in the lawsuit. Plaintiffs Busiglico, Harrel, and Sheets' averments that they "think" other employees would opt in are speculative, vague and conclusory. A plaintiff's belief in the existence of other employees who desire to opt in and "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify" certification of a collective action and notice to a potential class. *Mackenzie,* 276

F.Supp.2d at 1220 (*citing Haynes,* 696 F.2d at 887); *Home v. United Servs. Auto. Ass'n,* 279 F.Supp.2d 1231, 1236-37 (M.D.Ala.2003). In addition, it appears from the allegations in the Complaint that Plaintiffs Jennifer Busciglio and Michael Grogan worked at Barnacles before the commencement of the class period on or after May 2, 2005, as defined by the Complaint. (Dkt.1, ¶ 1). Lisa Bryant attests that she worked at Barnacles until "approximately sometime in 2004," which is also outside the class period. (Dkt.32, ¶ 2).

**\*3** In the eleven months since this lawsuit was filed, Plaintiffs have identified only one viable opt-in plaintiff, and it appears that two of the named Plaintiffs fall outside the class period. Taken together, Plaintiffs' allegations are simply not sufficient to establish that there are other individuals who would join in this action. *White v. Kcpar, Inc.,* No. 05-cv-1317, 2006 WL 1722348, \*3 (M.D.Fla. June 20, 2006) (observing that additional two plaintiffs could join); *Wombles v. Title Max of Ala., Inc.,* No. 3:03-cv-1158, 2005 WL 3312670, \*3 (M.D.Ala. Dec.7, 2005) (two consents to join and five nearly identical affidavits by plaintiffs indicating that they "believe" others desire to join the lawsuit were insufficient to establish that others desired to opt in).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Conditional Certification of Collective Action and Permission to Send Court-Supervised Notice (Dkt.25) is **DENIED** without prejudice.

**DONE AND ORDERED** in chambers this *24th* day of July, 2007.

M.D.Fla.,2007.
Barten v. KTK & Associates, Inc.
Not Reported in F.Supp.2d, 2007 WL 2176203 (M.D.Fla.)

END OF DOCUMENT