# EXHIBIT 19

Only the Westlaw citation is currently available.

United States District Court, M.D. Tennessee.
Mary CLARK and Michelle Shannon, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
DOLLAR GENERAL CORPORATION, Defendant.

No. 3:00–0729.
May 23, 2001.

*ORDER*

ECHOLS, J.

***1** For the reasons explained in the Memorandum entered contemporaneously herewith, the Court rules as follows:

1. Defendant's Motion to Strike Portions of Plaintiffs' Declarations (Docket Entry No. 54) is hereby DENIED IN PART and GRANTED IN PART;

2. Defendant's Motion for Partial Summary Judgment (Docket Entry No. 56) is hereby DENIED WITHOUT PREJUDICE; and

3. Plaintiffs' Motion for Expedited Court Supervised Notice (Docket Entry No. 33) is hereby GRANTED.

Plaintiffs are hereby authorized to give notice of this lawsuit to a limited class, consisting of those present and former employees who have held the position of assistant store manager at Defendant's Dollar General stores in the following districts during the three years preceding the filing of this lawsuit: District Numbers 15, 137, 138, 173, 157, and 242.

Plaintiffs are directed to file with the Court a proposed notice and consent form by Friday, June 1, 2001. Defendant will be permitted to file comments on the proposed forms within seven (7) days after the forms are filed with the Court. The Court will review the submissions and set a deadline for filing consents with the Court when it issues the Court-authorized notice and consent forms.

It is so ORDERED.

*MEMORANDUM*

Presently pending before the Court are the following motions: (1) Defendant's Motion to Strike Portions of Plaintiffs' Declarations (Docket Entry No. 54); (2) Defendant's Motion for Partial Summary Judgment (Docket Entry No. 56); and (3) Plaintiffs' Motion for Expedited Court Supervised Notice (Docket Entry No. 33).

I.

Two individual plaintiffs, Mary Clark and Michelle Shannon, who worked on a hourly basis as assistant Dollar General store managers, have sued Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"). Plaintiffs claim that Defendant has worked them "off the clock," and therefore owes them unpaid wages and overtime compensation and other damages. Plaintiffs bring suit individually and in a representative capacity as a collective action on behalf of others "similarly situated" under 29 U.S.C. § 216(b).

Defendant filed a Motion to Transfer Venue to the Northern District of Alabama, (Docket Entry No. 14), which the Court denied in its Order and accompanying Memorandum entered on March 5, 2001. (Docket Entry Nos. 94 and 95). Two days later, the Court granted Defendant's Request for Oral Argument on Plaintiffs' Motion for Expedited Court–Supervised Notice. (Docket Entry No. 96). The Court heard oral argument on Plaintiffs' Motion on March 15, 2001. (Docket Entry No. 97).

II.

Before turning to Plaintiffs' Motion for Expedited Court–Supervised Notice, the Court will ad-

dress Defendant's motions, which have a direct bearing on the scope of notice approved by the Court in this case.

Defendant has filed a Motion to Strike Portions of Plaintiffs' Declarations (Docket Entry No. 54). Defendant objects to numerous portions of Plaintiffs' declarations for two primary reasons: lack of personal knowledge and hearsay. (*See id.* at 2–4). However, the Court finds that to the extent that the declarants described practices that occurred in their stores, that evidence is based on personal knowledge arising from the declarants' performance of the duties of their positions. *See* Fed.R.Evid. 602. The declarations that others knew about Defendant's practices are also given on personal knowledge, as are the allegations that declarants personally complained or discussed the requirement to work "off the clock." Other statements in the declarations regarding the response of third parties, including other assistant store managers, to these complaints or discussions do not undermine the credibility of the declarants' claim that they have been customarily working "off the clock" and such work requirements were necessary in order to carry out their responsibilities as assistant managers and store managers. Other statements relating to the lack of allocated funds for wages are made by store managers and assistant store managers with personal knowledge of the alleged limited budgeted funding for these positions. Therefore, Defendant's Motion to Strike Portions of Plaintiffs' Declarations due to lack of personal knowledge shall be DENIED.

***2** With regard to Defendant's hearsay objections, some of the statements attacked are offered by declarants not to prove the truth of the matter asserted, but to show that Defendant had notice of the alleged FLSA violations. (*See* Decl. of Caylor ¶¶ 22, 23, 25–29; Decl. of Roberts ¶¶ 6–7). As such, those declaration statements are admissible nonhearsay. *See* Fed.R.Evid. 801(c). In addition, some of those same statements are admissible as party-opponent admissions under Rule 801(d)(2)(c) and (d).

However, the Court finds that two paragraphs of the Declaration of Darrell Caylor objected to by Defendant are inadmissible hearsay. These paragraphs contain alleged statements of an unidentified store manager and assistant manager with whom Mr. Caylor spoke at Dollar General stores in Myrtle Beach, South Carolina, and Pigeon Forge, Tennessee, respectively, when he bought merchandise from those stores. (*See* Decl. of Caylor ¶¶ 30–31). Mr. Caylor claims that the Myrtle Beach store manager told him that hourly employees were working "off the clock" as a result of insufficient payroll. Mr. Caylor also claims that the Pigeon Forge assistant store manager told him that she had been working uncompensated hours because there was not enough payroll budgeted for her store.

Plaintiffs have had the opportunity to secure declarations from these unnamed managers but have failed to do so. Neither have Plaintiffs presented any independent proof of their allegations. Defendant has not had the opportunity to cross-examine these out-of-court declarants and/or present controverting testimony. The Court finds these statements to be inadmissible hearsay which is prejudicial to Defendant. Accordingly, Defendant's Motion to Strike Portions of Plaintiffs' Declarations due to hearsay shall be GRANTED insofar as paragraphs 30 and 31 of the Declaration of Darrell Caylor shall be stricken. These paragraphs were not considered by the Court in ruling on Plaintiffs' Motion for Expedited Court–Supervised Notice.

III.

Defendant also has filed a Motion for Partial Summary Judgment (Docket Entry No. 56), in which Defendant asks the Court to dismiss the claims of opt-in Plaintiff Terri Bush Jusits on the grounds that her claims are time-barred by the applicable statute of limitations. In response, Plaintiffs assert that Defendant's motion is premature, as the parties have only been allowed to conduct limited pre-certification discovery at this stage of the proceedings, and as a result, Plaintiffs are un-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

able to fully respond to Defendant's contentions.

As even Plaintiffs concede, it appears from the evidence submitted by Defendant that Ms. Jusits' employment as an assistant manager ended more than three years before she filed her Consent, and therefore outside the statute of limitations. *See* 29 U.S.C. § 255(a) (providing that all claims brought for FLSA violations must be "commenced within two years after the cause of action accrued" unless the violation was "willful," in which case a claim must be brought within three years). However, at this early stage of the parties' litigation, the Court is reluctant to rule as a matter of law that Ms. Jusits' claims are time-barred. Therefore, Defendant's Motion for Partial Summary shall be DENIED WITHOUT PREJUDICE at this time. Defendant may wish to renew its motion after more extensive discovery has been conducted.

IV.

***3** The Court will now address Plaintiffs' Motion for Expedited Court–Supervised Notice. (Docket Entry No. 33). Plaintiffs seek class certification to pursue their claims and authorization to send notice of this lawsuit to potential opt-in plaintiffs pursuant to section 216(b) of the FLSA. The FLSA specifically provides for collective actions through an "opt-in" procedure:

> An action to recover such liability [for violations of Sections 206 or 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought....
>
> 29 U.S.C. § 216(b).

The Supreme Court has made it clear that the collective action provisions of the FLSA authorize a trial court to issue court-supervised notice to potential class members. In *Hoffman–La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the Court reasoned that the class action provision of the FLSA conferred upon trial courts the requisite procedural authority to manage the process of joining additional parties. *See id.* at 486–87. Court-supervised notice, the Court explained, assures that the notification procedure will be accomplished in an efficient, accurate manner. *See id.*

The first and dispositive question is whether the original plaintiffs and the potential opt-in plaintiffs are similarly situated. *See Dybach v. Florida Dep't of Corrs.,* 942 F.2d 1562, 1567 (11th Cir.1991). Plaintiffs bear the burden of establishing that they and the class they wish to represent are similarly situated. *See Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.1996). Plaintiffs request that the Court allow Plaintiffs to send notice of this lawsuit to assistant managers who have worked uncompensated hours at any of Defendant's stores over the three years preceding the filing of this lawsuit. Plaintiffs contend that each of Defendant's stores, regardless of its location, is subject to the same uniform payroll, employment, and operational procedures designed to minimize labor costs issued by Defendant's corporate office, and that these policies and procedures have resulted in widespread violations of the FLSA by requiring assistant store managers to work many hours "off the clock" in order to accomplish their required work duties.

Defendant contends that Plaintiffs have not carried their burden of showing that assistant store managers at all of Defendant's stores are similarly situated to Plaintiffs. Defendant urges that Plaintiffs are attempting to represent a class consisting of hourly workers who have been employed at 4,800 different stores and who have worked under different management personnel and in completely different environments in several states. In addition, Defendant asserts that (1) it maintains no centralized control over the payrolls in the individual stores, (2) there is no national or regional policy re-

quiring assistant managers to work "off the clock," (3) there is no common country-wide compensation plan, and (4) local managers and district managers have much autonomy in implementing their budget plans. Defendant asserts that given these differences, Plaintiffs have not shown that the individuals in the purported class are similarly situated to the named Plaintiffs.

***4** Although is clear that the Court may supervise notice to potential class members, courts have not agreed as to the factual showing that must be made by a plaintiff to show who is "similarly situated" at the notice stage. Some courts have held that a plaintiff can demonstrate that potential class members are "similarly situated" for purposes of receiving notice based solely upon allegations in a complaint of class-wide illegal practices. *See, e.g., Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 442–45 (N.D.Ill.1982). Other courts have held that a plaintiff meets this burden by demonstrating some factual support for the allegations before issuance of notice. *See, e.g., Jackson v. New York Tel. Co.,* 163 F.R.D. 429, 431 (S.D.N.Y.1995). This Court finds it unnecessary to adopt either of the competing standards because Plaintiffs have made a sufficient showing under either standard that some of the individuals to whom they seek to send notice of this lawsuit are "similarly situated" to them so as to warrant the issuance of court-supervised notice.

Sections 206 and 207 of the FLSA generally require that employers pay employees specific hourly rates for up to forty hours per week and pay overtime compensation of one and one-half times the regular rate for hours worked in excess of forty hours. 29 U.S.C. §§ 206, 207. Furthermore, the employer must pay compensation for all work it "permits" the employee to perform "off the clock," even if the employer did not specifically request that the employee perform the work "off the clock." 29 C.F.R. § 785.11. "The mere promulgation of a rule against [working "off the clock"] ... is not enough." *Id.* § 785.13.

Plaintiffs have filed declarations of eight current and former store managers and assistant managers of Dollar General stores in the Alabama cities of Moulton, Cullman, and Bridgeport, and in the Tennessee cities of Chattanooga, Nashville, New Johnsonville, and White Bluff. Plaintiffs have also filed declarations of four witnesses who formerly held the position of store manager at Dollar General stores in Tennessee and Alabama. These twelve declarations support Plaintiffs' allegations that certain Dollar General assistant managers were either instructed to perform uncompensated work "off the clock" or that their supervisors were aware they were performing such work "off the clock."

Defendant strongly objects to notices being mailed to all Dollar General stores across the nation on the grounds that Plaintiffs have not produced sufficient evidence of a widespread national problem. In fact, Plaintiffs have produced only twelve declarations of store managers or assistant managers in seven stores located in two states, Alabama and Tennessee. One declarant referred to a manager visiting a Dollar General store in South Carolina who heard from an unnamed employee of the South Carolina store that he or she was required to work "off the clock" to carry out the responsibilities of the job. Another declarant referred to a store in Kentucky, but it is likely that this declarant's claims fall outside of the applicable FLSA statute of limitations. As explained above, the latter two declarations were not considered by the Court.

***5** It is Plaintiffs' responsibility to prove to the Court the scope of the alleged violations of the FLSA. In this case, for purposes of sending out notices to potential class members, Plaintiffs have produced sufficient evidence to show that there were violations in Defendant's stores in Alabama and Tennessee which may have extended to other stores in the same district. However, without more, the allegations of violations in these seven stores are insufficient to prove a nationwide policy or practice. The class of assistant store managers which Plaintiffs seek to represent contains individual employees who have worked at different stores,


© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

in different states, for different store, district, and regional managers, and most likely, in different working conditions. Moreover, the illegal overtime plan alleged by Plaintiffs is not necessarily carried out through central management. Defendant's official written policy dictates that overtime will be paid in compliance with the FLSA. Based on the evidence before the Court at this time, if an illegal scheme exists at all, it appears to be implemented on a decentralized level. Further, in that Plaintiffs also allege that the payroll allocation system demonstrates a need for improper overtime, based on the evidence presently before the Court, the payroll allocation schemes differ according to region and store. Finally, the amount of overtime hours varies between Plaintiffs, which demonstrates a lack of commonality for the amount of the alleged "off the clock" work.

Plaintiffs also have not made a strong showing that any assistant store manager at any of Defendant's stores, other than at the stores where the named Plaintiffs and the individuals who have filed Notices of Consent to be a Party Plaintiff worked, was subjected to employment practices which potentially violated the FLSA. Because district managers assist in determining each store's payroll, Plaintiffs have shown that the alleged unlawful practices may extend to other stores in the same districts as Plaintiffs' stores. The Court cannot, however, on the basis of the evidence presented, find all assistant managers in Defendant's 4,800 stores nationwide to be "similarly situated" to the two named, individual Plaintiffs and six "opt-in" Plaintiffs or allow certification or provision of notice to such a huge, diverse class. *See Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 363–64 (M.D.Ala.1999) (plaintiffs failed to establish that they were similarly situated to proposed opt-in class consisting of hourly wage employees who worked at any of employer's family-style restaurants in the Southeast during the three years preceding the filing of the lawsuit, absent evidence of FLSA violations at the other restaurants pursuant to alleged company-wide management practices); *Tucker v. Labor Leasing, Inc.,* 872 F.Supp. 941, 948 (M.D.Fla.1994) (plaintiffs failed to show that employees at truck terminals other than the terminal where the named plaintiffs worked were similarly situated to the named plaintiffs).

***6** Plaintiffs, therefore, will be authorized to give notice of this lawsuit to a limited class, consisting of those present and former employees who have held the position of assistant store manager at Defendant's Dollar General stores in the following districts in Tennessee and Alabama during the three years preceding the filing of this lawsuit: District Numbers 15, 137, 138, 173, 157, and 242. Members of the class will then be given the opportunity to opt in to the lawsuit.

Subsequent discovery may reinforce or undermine the Court's findings. If, during the course of discovery, other evidence reveals that the alleged violations exist on a wider scale, the Court will consider extending the notice to these locations if justified by the evidence. Alternatively, if discovery reveals that Plaintiffs and the members of the certified class are not similarly situated, Defendant may move to "decertify" the class. *See Harper,* 185 F.R.D. at 365 (citation omitted); *Severtson v. Phillips Beverage Co.,* 141 F.R.D. 276, 279 (D.Minn.1992).

V.

Based on the foregoing, Defendant's Motion to Strike Portions of Plaintiffs' Declarations (Docket Entry No. 54) shall be DENIED IN PART and GRANTED IN PART; Defendant's Motion for Partial Summary Judgment (Docket Entry No. 56) shall be DENIED WITHOUT PREJUDICE; and Plaintiffs' Motion for Expedited Court Supervised Notice (Docket Entry No. 33) shall be GRANTED insofar as Plaintiffs will be authorized to give notice of this lawsuit to a limited class, consisting of those present and former employees who have held the position of assistant store manager at Defendant's Dollar General stores in the following districts in Tennessee and Alabama during the three years preceding the filing of this lawsuit: District Num-


© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

bers 15, 137, 138, 173, 157, and 242.

Plaintiffs shall be directed to file with the Court a proposed notice and consent form by Friday, May June 1, 2001. Defendant shall be permitted to file comments on the proposed forms within seven (7) days after the forms are filed with the Court. The Court will review the submissions and set a deadline for filing consents with the Court when it issues the Court-authorized notice and consent forms.

An appropriate order will be entered.

M.D.Tenn.,2001.
Clark v. Dollar General Corp.
Not Reported in F.Supp.2d, 2001 WL 878887 (M.D.Tenn.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.