# EXHIBIT 37

Case 3:14-cv-02184   Document 93-37   Filed 07/06/15   Page 1 of 6 PageID #: 1397



Slip Copy, 2014 WL 7359003 (M.D.Tenn.), 23 Wage & Hour Cas.2d (BNA) 1848
**(Cite as: 2014 WL 7359003 (M.D.Tenn.))**

C

United States District Court,
M.D. Tennessee,
Nashville Division.
Charles MILLER, Charles Stafford, and Dequan Rhodes, individually, and on behalf of others similarly situated, Plaintiffs,
v.
LEBANON GOLF & COUNTRY CLUB, Defendant.

No. 3:14–cv–01099.
Filed Dec. 23, 2014.

Alan G. Crone, Crone & McEvoy, PLC, Memphis, TN, Michael L. Russell, Gilbert Russell McWherter PLC, Franklin, TN, for Plaintiffs.

James Michael Clemons, John R. Clemmons, Chaffin & Burnsed, PLLC, Nashville, TN, for Defendant.

*MEMORANDUM*
ALETA A. TRAUGER, District Judge.

**\*1** Pending before the court is a Motion for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees filed by the plaintiffs, Charles Miller, Charles Stafford, and Dequan Rhodes (together, "plaintiffs"). (Docket No. 12.) The defendant, Lebanon Golf & Country Club (the "Club" or "defendant"), has filed a Response in opposition to the Motion. (Docket No. 16.) For the reasons discussed herein, the plaintiffs' motion will be granted in part and denied in part.

*BACKGROUND*

On May 2, 2014, the plaintiffs filed their Complaint in this case.FN1 (Docket No. 1.) Two of the named plaintiffs, Miller and Stafford, are former employees of the defendant, a private member club located in Lebanon, Tennessee. The third named plaintiff, Rhodes, is a current employee of the defendant. It appears that each of the named plaintiffs specifically worked in food service capacities in the restaurant located on the premises of the Club.

> FN1. Unless otherwise noted, the facts are drawn from the parties' filings and related exhibits.

Hourly employees at the Club clock in and out at the beginning and end of their shifts, using a manual time clock located in the back of the Club's kitchen. The plaintiffs allege that, as employees of the defendant, they regularly performed work in excess of forty (40) hours per week. The plaintiffs further allege that, despite working in excess of 40 hours per week, they were not properly compensated for all of the hours that they worked.

The plaintiffs claim that, by failing to compensate employees for overtime pay, the Club violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* as well as Tennessee common law.FN2 The plaintiffs seek to represent a class of all non-exempt current and former employees of the defendant who were not properly compensated. They seek damages, including unpaid wages and overtime compensation. In addition to seeking authorization from the court for this case to proceed as a collective action under the FLSA, the plaintiffs filed proposed notice and consent forms that would be provided to potential plaintiffs to give them the opportunity to learn of this litigation and to opt into it.

> FN2. In their Complaint, the plaintiffs allege FLSA claims in addition to common law claims for unjust enrichment, *quantum meruit,* and breach of contract. (Docket No. 1.)

The plaintiffs further seek an order directing (1) the defendant to provide the names, mailing addresses, and phone numbers for all non-exempt current and former employees who have been em-

ployed in the last six years; [FN3] (2) the defendant to post notice prominently at the facilities where putative class members work, attach notice to current employees' paychecks, and mail notice to putative class members so that they can assert their claims on a timely basis; (3) the tolling of the statute of limitations for the putative class as of the date this action was filed; and (4) that the opt-in plaintiffs' Consent Forms be deemed "filed" on the day that they are postmarked.

> FN3. The plaintiffs assert that a six year statute of limitations attaches to their Tennessee state law claims and, therefore, limit their proposed class to individuals who worked for the defendant within the last six years.

*ANALYSIS*

In seeking the court's approval of its Section 216(b) notice and consent forms at this early stage, as a collective action, the plaintiffs are seeking what is generally known as a "conditional certification" of a collective action pursuant to Section 216(b) of the FLSA.

**I.** *FLSA Certification Standard*

**\*2** Recognizing that the value of an individual claim might be small and not otherwise economically sensible to pursue, the FLSA provides that a collective action "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Because the statute only requires that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Federal Rule of Civil Procedure 23. *O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 584 (6th Cir.2009). Once a collective action is certified, however, employees seeking to join the class must affirmatively opt into the litigation by filing a written consent with the court. 29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated." However, the Sixth Circuit has held that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien,* 575 F.3d at 585. But employees may also be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Indeed, "[s]howing a 'unified policy' of violations is not required [for certification]." *Id.* at 584. In *O'Brien,* the Sixth Circuit stated that even a requirement that employees' "causes of action under the FLSA accrued at about the time and place in the approximate manner of the named plaintiff" would be "more demanding than what the [FLSA] requires." *Id.* at 585.

Typically, courts employ a two-phase inquiry to address whether the named plaintiffs are similarly situated to the employees they seek to represent. *Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir.2006); *O'Brien,* 575 F.3d at 583. "The first [phase] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer,* 454 F.3d at 546 (quotation marks omitted).

At the first stage, the plaintiff bears the burden of showing that employees in the class are similarly situated. *Shabazz v. Asurion Ins. Serv.,* No. 3:07–0653, 2008 WL 1730318, at \*3 (M.D.Tenn. Apr.10, 2008). At that point, " 'the certification is conditional and by no means final.' The plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.' " *Comer,* 454 F.3d at 546–47 (quoting *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591, 595 (S.D.Ohio 2002)). In *Comer,* the Sixth Circuit approvingly quoted the lower court's decision, which stated that conditional certification " 'need only be based on a modest factual showing,' " *id.* at 547 (quoting *Pritchard,* 210 F.R.D. at 596),

and that the court should use " 'a fairly lenient standard [that] typically results in ... certification.' " *Id.* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F.Supp.2d 493, 497 (D.N.J.2000)); *see also Shabazz,* 2008 WL 1730318, at *3 (stating that plaintiffs "must simply submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exist[s]" (quotation marks omitted)). If the named plaintiffs show that employees in the proposed class are similarly situated, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Comer,* 454 F.3d at 546.

***3** After discovery, the defendant may move for decertification of the conditional class. *See O'Brien,* 575 F.3d at 583; *Shabazz,* 2008 WL 1730318, at *3 (citing *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 952 (11th Cir.2007)). At this second stage, the court has access to more information and employs a "stricter standard" in deciding whether class members are, in fact, similarly situated. *Comer,* 454 F.3d at 547. The plaintiffs' motion in the present case comes to the court at the first stage of the two-phase inquiry.

## II. Whether Other Employees Are Similarly Situated to the Named Plaintiffs

The parties dispute whether the plaintiffs have sufficiently shown that they are similarly situated to a class of other employees. In support of their motion, the plaintiffs have submitted their own declarations, each stating that the defendant failed to compensate them for overtime work and that the defendant knew that the plaintiffs were working overtime but refused to compensate them. In response, the Club argues that the plaintiffs have failed to meet their burden of demonstrating that they and prospective plaintiffs to whom they wish to send notice are "similarly situated" for purposes of the FLSA. Moreover, the Club argues that any authorized notice should be supervised by the court and limited to individuals who worked in a food service-related capacity similar to the plaintiffs in the restaurant on the Club's premises from October 5, 2012 to October 31, 2013–the period during which the Club argues that it operated the restaurant as an employer, rather than as a lessor to a third-party operator. The plaintiffs did not seek leave to reply to the Club's opposition to the pending motion and, therefore, did not oppose the defendant's proposal that the putative class should be narrowed.

### A. The Plaintiffs Have Met Their Burden as to Hourly Workers in the Club's Restaurant

As an initial matter, the plaintiffs' supporting declarations provide evidence that the Club's employees were not compensated for all work performed. They also provide evidence that the defendant knew that the plaintiffs were working for more than 40 hours per week without compensation and refused to provide compensation, despite complaints from the plaintiffs. Each declaration contains the same basic factual allegations.

For instance, the declaration of plaintiff Charles Miller, who worked at the Club as a cook for approximately three months, states that he generally was paid by the hour for his work. He states that, at the beginning and end of his shifts, he would clock in using a manual time clock machine located in the back of the Club's kitchen. Miller states that, during his employment, he regularly worked for more than 40 hours per week. Miller's declaration states that, although the Club knew that Miller was working in excess of 40 hours per week, the Club failed to compensate Miller for his excess hours. Moreover, during his employment, Miller states that he complained to Joe Timberlake, a supervisor at the Club. Miller states that Timberlake replied, "We don't pay overtime. We've been doing it this way for a long time and we're not changing it now."

**\*4** The declarations of Rhodes and Stafford contain nearly identical allegations. Rhodes was employed by the Club as a cook for five months, and Stafford was, at the time of his declaration, still an employee of the Club, working as a cook and

dishwasher. Each plaintiff's declaration states that the plaintiffs spoke with other "co-workers" regarding the problem of not receiving proper compensation from the Club. The declarations state that other hourly workers at the Club also reported that they had not been properly compensated for all hours that they worked.

The showing that the plaintiffs must make at the conditional certification stage is "modest," and the outcome largely depends on the plaintiffs' ability to demonstrate that the claims of the class would proceed under common, focused theories of statutory liability. *See Comer,* 454 F.3d at 547, *O'Brien,* 575 F.3d at 585. Through their declarations, the plaintiffs have offered such common, specific theories here. Indeed, all potential plaintiffs working in the restaurant at the Club claim to have worked in excess of 40 hours per week without compensation for their overtime. Accordingly, by invoking this common theory of an FLSA violation, the plaintiffs have met the "low bar" of conditional certification with respect to individuals who work, or formerly worked, at the restaurant on the premises of the Club.

Nevertheless, while the plaintiffs have made the modest showing required for conditional certification with respect to themselves and co-workers at the restaurant operated by the Club, they have not made a similar showing with respect to current and former employees serving in non-food-service capacities at the Club. The plaintiffs appear to have only worked at the restaurant operated by the defendant and have not presented a declaration from any current or former employee who worked, for instance, at the defendant's pool, its golf course, or any other location on its premises. Moreover, the plaintiffs have not contested the defendant's assertion that it only served as an "employer" of the restaurant employees for FLSA purposes during a 13–month period between October 5, 2012 and October 31, 2013. Consequently, at this time, the court will conditionally grant the plaintiffs' request for notice only as to all current and former employees who worked in a food service capacity at the restaurant on the defendant's premises between October 5, 2012 and October 31, 2013.[FN4]

> [FN4]. Of course, the plaintiffs are not precluded from submitting evidence in the future that might have the effect of expanding the class beyond the conditional certification granted here.

**III.** *Additional Matters*

**A. The Plaintiffs' Request for Contact Information for the Proposed Class**

To facilitate notice to a conditionally certified class, courts regularly order a defendant to provide plaintiffs with names and last known addresses of potential class members. Here, the defendant asserts in its Response that it has already provided the information sought by the plaintiffs in its Rule 26 initial disclosures. The defendant has filed a copy of its disclosures, which include a list of potential plaintiffs, as an exhibit attached to the Affidavit of Dave W. Smith, Jr. ("Smith Aff."). (Docket No. 18, Ex. 1.) Because the plaintiffs failed to reply to the defendant's Response and have not contested the defendant's assertion as to the Rule 26 disclosures, the court presumes that the plaintiffs indeed already possess the contact information for these potential class members. Accordingly, the court will not order the re-disclosure of contact information for potential class members at this time. Should the plaintiffs require further information from the defendant for notice purposes, the court will consider an additional request for relief if the parties cannot resolve the matter.

**B. The Appropriate Notice Forms**

*\*5* Both parties have submitted proposed notice and consent forms. Although the defendant's proposed notice form identifies the appropriate putative class, it differs from the plaintiffs' proposed notice form as to substance in other paragraphs. ( *Compare* Docket No. 13, Ex. 1 *with* Docket No. 16, Ex. 1.) Accordingly, the court will order the parties

to confer and attempt to submit an agreed-upon notice form within 20 days of the date of the accompanying Order. The consent form submitted by the plaintiffs, which appears identical to the form submitted by the defendant, will be approved.

### C. Posting Notice at the Restaurant

The plaintiffs have also requested that the court order the defendant to post notice prominently at the defendant's facility where potential class members work, attach the notice to current employees' next scheduled paycheck, and mail the notice to current employees so that they may assert their claims on a timely basis as part of this litigation. In opposition, the defendant contends that it no longer operates the restaurant on its property and, instead, leases the restaurant to the Chop House on the Green, Inc. (Docket No. 18 at ¶ 7.) Consequently, the defendant argues that, because it no longer controls the restaurant services located on its premises and employs no such employees at the restaurant at the present time, it "lacks the authority to post notice in the restaurant and lacks the requisite access and control necessary to include notice with the Chop House's current employees."

The defendant's argument is unpersuasive. The defendant has failed to submit any evidence supporting its contention that it lacks authority to post and distribute notice on property that it owns (even as a mere landlord) or, alternatively, that the Chop House has refused to post and distribute notice on behalf of its lessor. Accordingly, the court will order the defendant to post notice at the restaurant, attach the notice to the restaurant's current employees' next scheduled paycheck, and mail notice to current restaurant employees, or to otherwise show cause why such actions cannot be taken within 30 days of the date of the accompanying Order.

### D. Tolling of the Statute of Limitations

The plaintiffs have further requested that the court order that the statute of limitations is tolled as to putative class members during the notice period. At this stage, the court finds no reason to rule on the undeveloped statute of limitations/tolling issue.

If, at a later stage in this proceeding, the defendant advances an argument that certain claims are barred by the relevant statute of limitations, the plaintiff may (of course) advance an argument that equitable tolling should apply.

### E. Plaintiffs' Request as to Filing Date of Consent Forms

The defendant does not oppose the plaintiffs' request that opt-in plaintiffs' Consent Forms be deemed "filed" on the date they are postmarked. Accordingly, the court will grant the plaintiffs' request.

*CONCLUSION*

**\*6** For the reasons discussed herein, the plaintiffs' Motion for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees will be granted in part and denied in part. The plaintiffs' motion will be granted with respect to all current and former employees who worked in a food service capacity at the restaurant on the Club's premises between October 5, 2012 and October 31, 2013. The motion will be denied with respect to other employees who worked at the Club in other capacities or who worked in a food service capacity outside of the relevant time period. However, this denial will be without prejudice to the plaintiffs' right to seek additional class certification and notice, should the evidence obtained in discovery warrant such a request.

An appropriate order will enter.

M.D.Tenn.,2014.
Miller v. Lebanon Golf & Country Club
Slip Copy, 2014 WL 7359003 (M.D.Tenn.), 23 Wage & Hour Cas.2d (BNA) 1848

END OF DOCUMENT