# EXHIBIT 39



LEXSEE

Caution
As of: Jul 06, 2015

**MARIAH MILLER, TERRI HAYES, and KAREN CARTER, individuals on behalf of themselves and others similarly situated, Plaintiffs, v. JACKSON, TENNESSEE HOSPITAL CO, LLC d/b/a REGIONAL HOSPITAL OF JACKSON, Defendant.**

Case No. 3:10-1078

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

2011 U.S. Dist. LEXIS 60594

June 6, 2011, Decided
June 6, 2011, Filed

**PRIOR HISTORY:** Miller v. Jackson, 2011 U.S. Dist. LEXIS 29011 (M.D. Tenn., Mar. 21, 2011)

**CORE TERMS:** notice, unjust enrichment, meal, automatic, mix, opt-in, class members, proposed changes, collective action, conditionally, certification, viable, window, state law, statutes of limitations, claimants, lengthy, joining, unpaid, opt, paycheck, lunch, period provided, overtime compensation, potential conflicts, automatically, compensated, conditional, overtime, briefing

**COUNSEL:** [*1] For Mariah Miller an individual on behalf of herself and others similarly situated, Terri Hayes, Karen Carter, Plaintiffs: Clinton H. Scott, Gilbert Russell McWherter PLC, Jackson, TN; Michael L. Russell, Gilbert Russell McWherter PLC, Brentwood, TN.

For Jackson, Tennessee Hospital Co, LLC, doing business as Regional Hospital of Jackson, Defendant: James Craig Oliver, LEAD ATTORNEY, Charles J. Mataya, Bradley Arant Boult Cummings LLP, Nashville, TN.

**JUDGES:** ALETA A. TRAUGER, United States District Judge.

**OPINION BY:** ALETA A. TRAUGER

**OPINION**

**MEMORANDUM AND ORDER**

After being unable to reach an agreement on the Notice that will be provided to the conditionally certified class in this Fair Labor Standards Act (FLSA)/state law unjust enrichment case, the defendant Regional Hospital of Jackson, as directed by the court, has filed its Objections to the plaintiffs' proposed notice. (Docket No. 43.) The plaintiffs have filed their response to the Objections (Docket No. 45), and the defendant has filed a reply in support (Docket No. 48). In all substance, the defendant's objections are without merit. [1]

> 1   The parties all recognize that the plaintiffs' proposed notice must be revised to reflect (as discussed below) that there is [*2] now more than one lead plaintiff in this case. The plaintiffs should, of course, make the necessary "subject-verb" changes in the Notice to reflect that there are now multiple lead plaintiffs.

Page 1

**BACKGROUND**

On November 15, 2010, plaintiff Mariah Miller filed her Collective Action Complaint in this case. (Docket No. 1.) Miller is a former employee of the defendant, and she alleges that her pay, and the pay of similarly situated employees, was "subject to an automatic meal break deduction"; that is, under the defendant's policy, the computerized time and attendance system automatically deducted 30 minutes from the length of the employee's shift to account for an unpaid 30-minute meal period. (*Id.* at 2.) Miller alleges that the defendant's employees often worked throughout their shifts, and, therefore, she and others performed work for which they were not compensated. (*Id.* at 2-3.)

Miller asserted claims for violations of the FLSA and for unjust enrichment under Tennessee common law. (*Id.* at 6.) It is well settled that, if the plaintiff performed work for which she was not compensated, she might have a viable unjust enrichment claim, but, unless the plaintiff can show that she was denied overtime [*3] compensation, she does not have a viable FLSA claim. (*See* Docket No. 31 at 9.) The relevant statutes of limitations are three years for the FLSA claim and six years for the unjust enrichment claim. *See* 29 U.S.C. § 255(a); T.C.A. § 28-3-109(a)(3).

On November 24, 2010, Miller moved for conditional certification of an "opt-in" class under Section 216(b) of the FLSA and for approval of the proposed notice of the lawsuit that would be sent to potential class members. (Docket No. 5 at 1; Docket No. 5 Ex. 1.) Following Miller's filing of the conditional certification motion, the defendant provided employee records that demonstrated that, while she was subject to the automatic meal break deduction, Miller never worked enough hours in a week to potentially qualify for overtime compensation. (*See* Docket No. 31 at 9.) Therefore, while Miller might have an unjust enrichment claim, she did not have a viable FLSA claim. (*Id.*)

After considerable briefing and additional motion practice generated by this development, in a March 21, 2011 Memorandum and accompanying Order, the court granted the plaintiff's motion to amend the Complaint to add two plaintiffs (Terri Hayes and Karen Carter), who appeared [*4] to have potentially viable FLSA claims, and conditionally certified an opt-in class of "all persons employed within the six years preceding the filing of this action by Defendant, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid 'meal break.'" (Docket No. 31 at 13-14.) In conditionally certifying a class with a six-year "time window," the court recognized that the Sixth Circuit has held "that the class in an FLSA case may be a mix of individuals who have valid FLSA claims and those who have supplemental claims." (*Id.* at 11 citing *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 583 (6th Cir. 2009)).

As the defendant had raised vague "objections" to the proposed Notice to the class, the court, while finding no glaring problems with the proposed Notice, directed the parties to attempt to resolve any disputes about the proposed Notice on their own and, if they could not do so within 30 days, the defendant was to file objections. (*Id.* at 14.) Negotiations were apparently somewhat unfruitful, and objections were filed. (Docket No. 43.)

**ANALYSIS**

The defendant's primary objection to the proposed notice is that it does [*5] not strictly confine its reach to claims under the FLSA and the three-year statute of limitations. (Docket No. 43.) The defendant makes a series of other objections, which the court will discuss after ruling on the primary objection.

**I. The Six-Year "Time Window" and Reference to Non-FLSA Claims**

The plaintiffs' proposed Notice is directed to "present and former hourly employees" of the defendant "during the previous six years who were subject to a practice of automatically deducting meal breaks" and describes this case as involving the allegation that employees were subject to an automatic meal break deduction, yet frequently worked during at least part of their meal breaks. (*See* Docket No. 43 Ex. 2 at 1.) Consistent with the collective action scheme created by Section 216 of the FLSA, the plaintiffs' proposed Notice advises that anyone who wishes to join the collective action must affirmatively "opt into" the class. (*Id.* at 2.)

The defendant argues that the "only proper [look back] period to use is the three-year period set out in the FLSA" and that "any reference to any claim [*i.e.* unjust enrichment] other than the FLSA claim in the Notice is unauthorized by [the FLSA] and necessarily [*6] misleading." (Docket No. 43 at 2-5.) That is, any notice to potential class members is only authorized by the

Page 2

FLSA (not state law), and, therefore, the Notice should not suggest that employees over a six-year time window have FLSA claims, when, due to the statute of limitations, some FLSA claims will be time-barred. (*Id.*)

The defendant, providing a lengthy description of the "opt out" class action scheme created by Fed. R. Civ. P. 23, goes on to argue that "plaintiffs' attempt in the proposed Notice to include all unjust enrichment claimants," including those non-FLSA claimants, is an improper move to avoid having to meet the "considerably more stringent" prerequisites for a Rule 23 action. (*Id.* at 7-9.) The defendant maintains that the only way to avoid a "legally incorrect" notice and "potentially prejudicial" situation is to "send an opt in notice now to persons in a three year look back period, then address non-FLSA claimants if Plaintiffs move for Rule 23 certification and certification is granted." ² (*Id.* at 10.)

> 2  The defendant also engages in a lengthy discussion of "the potential conflicts posed by the representation" of those "with both potential collective FLSA claims and individual [*7] unjust enrichment claims," along with "multiple other clients" who only have an individual claim for unjust enrichment. (*Id.* at 5-6.) This argument overlooks that the Sixth Circuit has recognized that it is acceptable to have a "mix" of plaintiffs in this type of action, including those who only have state law claims. *O'Brien*, 575 F.3d at 580-81. In endorsing such a "mix," the Sixth Circuit has certainly indicated that, whatever potential conflicts such a mix poses, such difficulties are overwhelmed by the efficiencies and benefits achieved. *Id.*

In response, the plaintiffs argue that, in raising this objection, the defendant is simply rearguing the settled issue of whether this collective action may contain a "mix" of FLSA plaintiffs and unjust enrichment plaintiffs. (Docket No. 45 at 1-3.) That is, in the March 21, 2011 Memorandum, the court, citing *O'Brien*, conditionally certified a class that, with its six-year time window, necessarily will contain a mix of FLSA and unjust enrichment plaintiffs, and, in light of that, it is nonsensical to only provide notice to those unjust enrichment plaintiffs whose claims arose within the last three years. ³ (*Id.*.)

> 3  The case law provided by the [*8] parties demonstrates a split of non-controlling judicial opinion on this issue. *See McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 2011 U.S. Dist. LEXIS 10398, 2011 WL 338123, *3 (E.D.N.Y. 2011)*(collecting cases on both sides within the Second Circuit and finding that the appropriate "look back" was the shorter limitations period provided by the FLSA and not the longer period provided for a state law action). The court views this matter as logically controlled by *O'Brien* and its directive that a mix of plaintiffs with varying claims is appropriate.

The court agrees with the plaintiffs. The plaintiffs' proposed notice does not suggest to potential plaintiffs that they have an FLSA claim -- it states that, if they worked for the defendant over the previous six years and received automatic deductions, they may have a claim for unpaid compensation, which is true. (See Docket No. 43 Ex. 2 at 1-2.) Additionally, the defendants' approach -- a notice with a three year "look back" that only references the FLSA (and its overtime requirement) -- would suggest to potential "unjust enrichment" plaintiffs that they are not "welcome" in the class, which would be inconsistent with the court's previous ruling and with *O'Brien*. On the claims [*9] discussed in the Notice and the "look back" time allotted, the court finds that the plaintiffs' approach is sensible, and the court will overrule the defendant's objections on this central point of contention.

**II. Other Objections**

To be clear, while this discussion is labeled "other notice problems and objections" in the defendant's briefing, much of this material (including the defendant's proposed changes to the class composition) again challenges the length of the "look back" and the fact that the plaintiffs' proposed Notice is not explicitly limited to the FLSA claim and its overtime requirement. (Docket No. 43 at 12-16; Docket No. 43 Ex. 2.) Again, the court finds that these objections are without merit. While Section 216 of the FLSA is the source of the authority to send the notice at issue, the Sixth Circuit, in *O'Brien*, concluded that unjust enrichment plaintiffs "have a home" in this type of action and, therefore, the notice in this type of case should not discourage unjust enrichment plaintiffs from joining the action, as sustaining the defendant's objections would ultimately do.

The defendant also argues that the plaintiffs' proposed Notice does not go into sufficient factual [*10]

Page 3

depth as to the "nature and extent of the alleged claim" and, therefore, suggests that the defendant's automatic meal deduction process is illegal, when it is not. (*Id.* at 12-13.) Again, this is much ado about nothing. The plaintiffs' proposed Notice describes the basic outline of the plaintiffs' claims and does not suggest that an automatic deduction for a meal period is illegal. (Docket No. 43 Ex. 2.) Rather, it states that the defendant had an automatic deduction protocol, and that, in some circumstances, employees worked through their meal breaks without compensation or worked "off the clock." (*Id.*) The plaintiffs' proposed Notice clearly links the automatic deduction policy and uncompensated work, and, therefore, the defendant's objection is without merit.

The remaining objections are relatively minor and will be addressed serially: One, the defendant maintains that the Notice should state that putative class members have 60 days to return their "opt-in" paperwork, not 90 days, as the plaintiffs propose. (Docket No. 43 at 14.) The court finds that splitting the difference is appropriate, and the Notice should provide 75 days.

Two, the defendant maintains that the Notice should state [*11] that the "opt-in" paperwork should be returned to the Clerk of Court, rather than plaintiffs' counsel; the plaintiffs consent to this change, and the Notice should be amended to reflect return to the Clerk of Court. (*Id*; Docket No. 45 at 11.)

Three, the plaintiffs propose that the Notice be sent to all potential class members by U.S. Mail, posted on employee lunch room bulletin boards, and included in employees' paychecks. (Docket No. 45 at 12.) The defendant claims that U.S. Mail is sufficient, lunchroom notice would be unduly "intrusive," and its employees do not receive a physical paycheck. (Docket No. 43 at 15.) In light of the fact that no physical paycheck is provided and the potential controversies that might be generated by lunch room posting (in terms of where exactly the Notice should be posted, what constitutes a lunch room, etc.), and the lengthy opt-in period, the court finds that U.S. Mail, as the sole method of notice, is appropriate at this stage.

Finally, in discussing several sections of the plaintiffs' proposed Notice, including "effect of joining this suit," "no legal effect in not joining this suit," "your legal representation if you join," and "further information," [*12] the defendant lays out a series of proposed changes that would add or subtract language relating to the legal effect of this litigation on the rights of the potential plaintiffs. (Docket No. 43 at 15-16.) It is not necessary to lay out the relatively minor proposed changes; suffice it to say, the plaintiffs are correct that these proposed changes are generally unnecessary and non-neutral, provide redundant matter, or would have a "chilling" effect. (Docket No. 45 at 13-14.) The court finds that the plaintiffs' proposed Notice adequately and reasonably discussed these issues, and no further adjustments are necessary.

In all substance, the defendant's Objections (Docket No. 43) are **OVERRULED**. The plaintiffs should make the minor changes to the Notice as described herein and submit the amended Notice for final court approval.

It is so ordered.

Enter this 6th day of June 2011.

/s/ Aleta A. Trauger

ALETA A. TRAUGER

United States District Judge