# EXHIBIT 40

LEXSEE


Positive
As of: Jul 06, 2015

MICHAEL LARSON, Plaintiff, v. RUSH FITNESS CORPORATION, Defendant.

No. 3:12-CV-109

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

2012 U.S. Dist. LEXIS 189211

October 17, 2012, Filed

**SUBSEQUENT HISTORY:** Adopted by, Motion granted by, in part, Motion denied by, in part Larson v. Rush Fitness Corp., 2013 U.S. Dist. LEXIS 136541 (E.D. Tenn., Sept. 23, 2013)

**CORE TERMS:** collective action, manager, membership, similarly situated, notice, discovery, opt-in, certification, undersigned, expedited, recommendation, affiant, email, overtime, temporal, exempt, modest, telephone numbers, recommend, hours per week, job duties, class members, representative action, statute of limitations, individualized, conditional, non-exempt, geographic, certifying, purported

**COUNSEL:** [*1] For Michael A Larson, and others similarly situated, Travis Hanshaw, Nick Cowan, Plaintiffs: Jesse D Nelson, Law Office of Jesse D. Nelson, PLLC, Knoxville, TN.

For Rush Fitness Corp., Defendant: Timothy B McConnell, LEAD ATTORNEY, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Knox), Knoxville, TN; Matthew D Davison, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Johnson), Johnson City, TN.

**JUDGES:** C. Clifford Shirley, Jr., United States Magistrate Judge.

**OPINION BY:** C. Clifford Shirley, Jr.

**OPINION**

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 10] referring Plaintiff's Motion for Conditional Certification, Expedited Discovery, and Court-Authorized Notice [Doc. 8], to the undersigned for disposition or report and recommendation, as may be appropriate.

For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion for Conditional Certification, Expedited Discovery, and Court-Authorized Notice **[Doc. 8]** be **GRANTED IN PART** and **DENIED IN PART.**

**I. BACKGROUND**

On March 8, 2012, the Plaintiff filed the instant suit alleging that the Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, [*2] ("FLSA"). In his Amended Complaint, Plaintiff alleges that he worked for Defendant for several years up to November 2011. [Doc. 27 at ¶ 8]. In February 2011, he was given the title of "membership manager." [Id.]. Plaintiff alleges that during the period he served as a membership manager he "regularly and repeatedly" worked in excess of forty

Page 1

hours per week. [Id. at ¶ 9]. Plaintiff alleges that he performed "no, or exceedingly minimal, work that is exempt from the FLSA's overtime requirements." [Id. at ¶11]. Specifically, Plaintiff alleges: ninety percent of his job duties was to make telephone sales calls; he had no direct relationship to managerial policies or business operations; he was not free to exercise discretion or independent judgment with regard to his job duties; he was under direct and total supervision of another person; he could not hire or fire other persons; he could not set other employees' wages or schedules; he could not resolve employees' disputes; and his primary duties were the same as non-exempt, hourly employees. [Id. at ¶¶ 12-16].

## II. POSITIONS OF THE PARTIES

In his motion, the Plaintiff moves the Court to conditionally certify a "class," order expedited discovery, [*3] and authorize notice to putative members of the "class." [1] [Doc. 8 at 1]. The Plaintiff submits that he has presented detailed allegations in his Complaint, and now his Amended Complaint, [2] that there are other membership managers who were misclassified by the Defendant and denied proper compensation under the FLSA. [Doc. 9 at 3]. The Plaintiff moves the Court to order the Defendant to produce, within ten days of decision on this issue the names, addresses, email addresses, telephone numbers, dates of employment, and locations of employment of membership managers [3] during the previous three years. [Doc. 9 at 5].

> 1 The Plaintiff uses the term "class" throughout his filings. An FLSA representative action is referred to as a "collective action" and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The relief requested by the Plaintiff is clear: he seeks preliminary approval of a collective action under the FLSA. The Court will address this request for collective action. Going forward in this litigation, the Plaintiff shall use the term collective action or, alternatively, representative action, to avoid the issue being confused with those [*4] presented by requests for class certification under Rule 23.
> 2 Filed September 24, 2012, Doc. 27.
> 3 The Plaintiff simply states "its employees during the previous three years." However, given the context of the motion, the Court has interpreted this request as applying only to the membership managers, upon whose behalf Plaintiff seeks to bring an action. To the extent the request exceeds that limited scope, it is denied. See infra at p. 11.

The Plaintiff argues that the Court should certify a collective action under the FLSA in this case because the Plaintiff is similarly situated to other membership managers in his job title and job duties. [Doc. 9 at 4; Doc. 23 at 1]. Moreover, he submits that all membership managers were controlled by a centralized management system and subject to the Defendant's policy of not paying overtime wages to membership managers. [Id.]. The Plaintiff asserts that the geographic scope of the proposed class is appropriate, and the class will consist of persons who were employed as member managers during the three years preceding the date on which the Complaint was filed. [Doc. 23 at 3-4].

The Defendant maintains that the Plaintiff has failed to demonstrate that [*5] a collective action is appropriate. The Defendant argues that "[t]o succeed on his motion, Plaintiff must prove that he and the group of current and former employees he purports to represent are, in fact, 'similarly situated,' which will require Plaintiff to provide a factual showing that he and others were victims of a common policy or plan that violated the FLSA." [Doc. 13 at 2].

The Defendant further responds that the Plaintiff has not demonstrated that he is similarly situated to a collective group of employees. Specifically, the Defendant argues that the Plaintiff, who it asserts worked as a membership manager for less than three months in Knoxville, Tennessee, should not be permitted to lead a collective action on behalf of a group of employees. [Doc. 25 at 1]. The Defendant cites the Court to Shipes v. Amurcon Corporation, No. 10-14943, 2012 U.S. Dist. LEXIS 39794, 2012 WL 995362 (E.D. Mich. Mar. 23, 2012), and argues that the Plaintiff has failed to make the required, "modest factual showing that the nature of the work performed by all class members is at least similar to [his] own." 2012 U.S. Dist. LEXIS 39794, at *25.

## III. ANALYSIS

The FLSA directs that an employee or employees may bring an action "against any employer (including [*6] a public agency) in any Federal or State court of competent jurisdiction . . . for and in behalf of himself or themselves and other employees similarly situated." 29

U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

A collective action furthers several important policy goals. First, the collective action "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Id.

A plaintiff alleging a FLSA violation can bring a collective action for similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006) (citations [*7] omitted). An FLSA representative action is called a collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed under Rule 23. See id.

In an FLSA action, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Hoffmann-La Roche, 493 U.S. at 169. Typically, courts have utilized a two-phase process in determining whether the proposed plaintiffs are similarly situated. The first phase takes place at the beginning of discovery, and the second phase occurs after opt-in forms have been disbursed and returned and discovery has been completed. See Comer, 454 F.3d at 547.

**A. Plaintiff's Showing of Substantial Similarity**

The instant case is at the first stage of certifying a representative class. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011). During the first stage, the standard [*8] for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify. See Comer, 454 F.3d at 547. Nonetheless, "lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 584 (6th Cir. 2009).

In O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567 (6th Cir. 2009), the district court originally found the plaintiffs in the proposed collective action to be similarly situated, but the court, at the second stage, found that individualized issues prevailed and a collective action was not appropriate. On review, the Court of Appeals found that the district court erred in its decision to break-up the collective action. In making this determination, the Court of Appeals noted that Congress had opted to adopt a less strenuous standard than Rule 23. Id. at 584. The Court of Appeals found that "the plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized [*9] and distinct." Id. at 585.

The Defendant cites the Court to Shipes v. Amurcon Corporation, No. 10-14943, 2012 U.S. Dist. LEXIS 39794, 2012 WL 995362 (E.D. Mich. Mar. 23, 2012). In Shipes, the court relied on two affidavits from named plaintiffs, who were a leasing agent and an accountant respectively. The court found that a class made of both hourly employees and salaried employees was not appropriate, because the difference in the pay structures applied to the plaintiffs' positions had significant implications for deciding FLSA issues. 2012 U.S. Dist. LEXIS 39794, [WL] at *6. In the end, the court in Shipe authorized a first-stage collective action consisting of a class of hourly, non-exempt employees. 2012 U.S. Dist. LEXIS 39794, [WL] at *9.

The Court has considered the statutes and case law applicable to the instant case, including the decisions of the Court of Appeals for the Sixth Circuit and the decisions cited by the Defendant. Applying that law to the facts of this case, the Court finds that the Plaintiff has met his burden of demonstrating that he is similarly situated to purported plaintiffs in the collective action.

In his Amended Complaint, the Plaintiff alleges that the Defendant operates several facilities in multiple states and employed membership managers at [*10] every facility. [Doc. 27 at ¶ 18]. Plaintiff asserts that, like him, other membership managers performed no or exceedingly little managerial functions, did not exercise discretion,

Page 3

did not have the power to hire or fire employees, did not set wages or schedules, and did not resolve employee disputes. [Id. at ¶¶ 19, 20, 21]. Instead, they made phone calls to potential customers and performed other tasks that were identical in nature to tasks performed by non-exempt employees. [Id. at ¶ 21].

Plaintiff alleges that the purported plaintiffs were all subjected to the same policy that allegedly violated the FLSA. He alleges that he and other membership managers regularly and repeatedly worked over forty hours per week, but they were not paid overtime compensation based upon their misclassification as exempt employees. [Id. at ¶ 22]. Plaintiff alleges that the Defendant failed to maintain payroll, earnings, and work hours records for the membership managers as required by 29 C.F.R. § 516, and the membership managers were deprived of compensation owed to them under the FLSA. [Id. at ¶¶ 22-23].

The Plaintiff has presented affidavits from three current and former employees who worked as membership [*11] managers for the Defendant. [Doc. 9-1]. [4] Each of these affidavits attest that: the affiant worked as a membership manager; the affiant was not paid overtime compensation; and as a membership manager, the affiant worked in excess of forty hours per week, had little authority, had little discretion, and made no or exceeding few substantive decisions. [Doc. 9-1]. In addition, the Plaintiff has supplied supplemental affidavits from the same affiants stating that the affiants worked at different locations for the Defendant during their tenure, but the tasks assigned to membership managers were the same at different locations. [Doc. 23-1 at 1, 3, 7].

> 4   The Court has not considered the Affidavit of James E. Knaff, Jr., who has withdrawn his consent to participate in this case. [Doc. 24].

Based upon the foregoing, the Court finds that the Plaintiff has met his burden of making a modest factual showing that he is similarly situated to the other employees they seek to notify. See Comer, 454 F.3d at 547.

**B. The Defendant's Arguments are Not Persuasive**

The Court finds that the Defendant's arguments against permitting a collective action do not undermine the Plaintiff's showing.

First, the Court finds [*12] that the Defendant's interpretation of Shipes is not persuasive. The Defendant selectively quotes from Shipes, for example, quoting as established law: "it is not enough, even at the notice stage, to allege lead and opt-in plaintiffs are similarly situated simply because of the defendant's common scheme to misclassify them as exempt." [Doc. 25 at 4]. When in fact, the court in Shipes was observing the habits of other courts by stating, "Many courts agree that it is not enough, even at the notice stage, to allege lead and opt-in plaintiffs are similarly situated simply because of the defendant's common scheme to misclassify them as exempt." Shipes, 2012 U.S. Dist. LEXIS 39794, 2012 WL 995362, at *9. It is problematic to rely on this observation about other courts' decisions when the Court of Appeals has specifically held that a common policy may form the basis for finding potential plaintiffs to be similarly situated. See O'Brien, 575 F.3d at 585 ("[T]he plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.").

The court in Shipes went on to explain, "A collective [*13] action is only appropriate where the plaintiffs make a modest factual showing that the nature of the work performed by all class members is at least similar to their own." 2012 U.S. Dist. LEXIS 39794, [WL] at *10 (citing Morisky v. Pub. Serv. Elec. and Gas Co., 111 F.Supp.2d 493, 498 (D.N.J. 2000)). The Court finds that Plaintiff has made a factual showing that the nature of the worked performed by the proposed members of the collective action is similar in nature to the work he performed. Thus, the Court finds that the Defendant's position that the findings in Shipes argue against preliminarily certifying a collective action is not well-taken.

The Defendant also argues that the Plaintiff has failed to demonstrate the specific job activities that were performed by membership managers. [Doc. 25 at 6-12]. The Defendant invites the Court to speculate about whether persons who worked as member managers in different states performed different tasks while in the position. With the sworn statements brought forth by the Plaintiff, such speculation is not appropriate at this stage. The Court of Appeals for the Sixth Circuit has endorsed the view that a plaintiff need only show that "his position is similar, not identical, [*14] to the position held by the putative class members." Comer, 454 F.3d at 546-47 (quoting Pritchard v. Dent Wizard Int'l, 210 F.R.D. 591,

Page 4

595 (S.D. Ohio 2002).

Moreover, it is well-established that simply working at different geographic locations will not undermine an otherwise sufficient showing of substantial similarity. See, e.g., Monroe v. FTS USA, LLC, 257 F.R.D. 634, 638 (W.D. Tenn. 2009) (certifying a first-stage collective FLSA action with a class made up of technicians in Tennessee, Alabama, and Louisiana). Geographic disparities will be addressed if and when a motion to decertify is filed. See Johnson v. Koch Foods, Inc., 657 F.Supp.2d 951, 954 (E.D. Tenn. 2009).

Finally, the Defendant's discussion of Bramble v. Wal-Mart Stores, Inc., 2011 U.S. Dist. LEXIS 39457, 2011 WL 1289510 (E.D. Pa. April 12, 2011), an unreported case from outside this Circuit, does not change the court's application of the standard in the Sixth Circuit.

**C. Temporal Limitations of the Collective Action**

At the hearing on this matter, the Defendant cited the Court to Frye v. Baptist Memorial Hospital, No. 07-2708, 2010 U.S. Dist. LEXIS 101996, 2010 WL 3862591 (W.D. Tenn. Sept. 27, 2010), as potentially placing stricter temporal limitations on the collective action. [*15] In a decision issued on August 21, 2012, [5] the Court of Appeals affirmed the district court's holding that, to commence his or her action for statute-of-limitations purposes, "a named plaintiff in a collective action [is required] to file a written consent to join the collective action." Frye v. Baptist Mem'l Hosp., Inc., 495 Fed. Appx. 669, 2012 WL 3570657, at *7 (6th Cir. 2012).

> [5] The decision issued the day after the Plaintiff filed his supplemental brief in this matter. Because the issue will be decided in favor of Plaintiff's position, however, the Court has not ordered supplemental briefing.

The ruling of the Court of Appeals in Frye addressed the statute of limitations as it relates to claim preclusion. It did not address the statute of limitations as somehow imposing stricter temporal limitations on collective actions. The Court finds that Frye does not affect the temporal limitations issue before the Court. The Court finds that at the first stage of collective action certification it is a better practice to calculate the scope of the class from the date of the filing of the complaint,

because at this stage the Court is not determining what potential plaintiffs will be successful. Adams v. MedPlans Partners, Inc., 2007 U.S. Dist. LEXIS 89887, 2007 WL 4291303, *2 (W.D. Ky. 2007) [*16] (ordering notice sent to persons employed within three years of the filing of the action and noting this "order does not resolve the matter of the statute of limitations, and the Court recognizes that notice may be served to some putative plaintiffs for whom the statute has already run.").

Accordingly, for the first stage of the FLSA collective action, notice will be sent to persons who were employed as membership managers by the Defendant during the three years preceding the filing of the Complaint in this case on March 8, 2012.

**D. Expedited Discovery**

The Plaintiff has requested limited, expedited discovery. Specifically, he moves the Court to order the Defendant to produce the names, addresses, email addresses, telephone numbers, dates of employment, and locations of employment of membership managers [6] during the previous three years. Plaintiff asserts that the Defendant should be ordered to produce this information within ten days of decision on this issue.

> [6] The Plaintiff simply states "its employees during the previous three years." However, given the context of the motion, the Court has interpreted this request as applying only to the membership managers, upon whose behalf Plaintiff [*17] seeks to bring an action. To the extent the request exceeds that limited scope, it is denied. See infra at p. 11.

The Court finds that limited, expedited discovery is appropriate. However, the Court finds that this discovery should be more limited than requested by the Plaintiff. The undersigned will recommend that the Defendant be ordered to produce the names, addresses, dates of employment, and locations of employment of membership managers. The Court finds that the Defendant is unlikely to have updated and reliable email addresses for potential opt-in plaintiffs. Further, there is little need for telephone numbers and email addresses, when notice of this suit will be mailed to the potential opt-in plaintiffs using the United States Postal Service. The mailed notice will include the contact information for counsel for the Plaintiff and the potential opt-in plaintiffs can contact counsel using this information. If, however,

the notice sent via mail is returned, the Plaintiff may request that the Defendant prove the last-known telephone number and email of the potential opt-in plaintiff.

In addition, the Court finds that ten days will not afford the Defendant sufficient time to locate [*18] this information. Therefore, the undersigned will recommend that the Defendant be afforded twenty days to supply this information to the Plaintiff.

## IV. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** [7] that the Plaintiff's Motion to Certify Class **[Doc. 8]** be **GRANTED IN PART** and **DENIED IN PART** as follows:

> 1. The Plaintiff be **ORDERED** to file a final proposed notice and consent form, conforming to the allegations of the Amended Complaint and the representations of Plaintiff's counsel to the Court -- to, for example, correct the statement that the purported class will include "all other past and present salaried employees of The Rush who have worked in the membership department" -- within **five (5) days** of the entry of an Order adopting this Report and Recommendation;
>
> 2. The Defendant be afforded **ten (10) days** after the filing final proposed notice to state any objections;
>
> 3. The Defendant be afforded **twenty (20) days** after the filing final proposed notice to provide the counsel for the Plaintiff the names, addresses, dates of employment of the persons, and locations of employment of membership managers who served as membership managers in the three years preceding the filing of [*19] the Complaint in this matter. This information should be provided in an appropriate electronic format.

---

7 Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

Respectfully Submitted,

/s/ C. Clifford Shirley, Jr.

United States Magistrate Judge